Meyer *v.* Kohlman.

---

MEYER *et al. v.* KOHLMAN *et al.*

A joint application of two partners for the benefit of the Insolvent Act is void, there being no authority for such applications in the act.

A schedule attached to such a petition, showing a surrender of all the joint property of the partners is not a compliance with the act, which requires a surrender of all the property of the insolvent.

A discharge under the Insolvent Act, to be a bar to actions on indebtedness mentioned in the petitioner's schedule, must be in strict conformity with the various provisions of the law, otherwise it is void.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

This case is sufficiently stated in the opinion of the Court, except that the Court below held the insolvency proceedings a bar to this suit, and rendered judgment for defendants. Plaintiffs moved for a new trial, which being denied, they appealed.

*H. J. Labatt* for Appellants.

The insolvent act, being in the nature of a special proceeding, and contrary to the common law, all and each of its provisions must be strictly complied with to make it of full force and effect. Such has been the sound and efficient rule adopted by this Court on more than one occasion, and become the settled practice.

That the insolvency petition of the copartners, Jacob and Solomon Kohlman, is made out jointly and not separately, and as such is unauthorized by the statute.

In examining the language of the statute, we are unable to

determine in what manner any anthority is given for a joint petition. The whole act speaks of the single person, and requires that each petition shall be filed separately. The reason for this is obvious. The petition and schedule should precede the oath, and the schedule of one cannot be sworn to by the other. The oath provides for one individual, and how can one insolvent swear that the other has done what the oath requires of him to depose and say? Did the oath in this particular case read that each for himself truly and solemnly swears, etc., it might assume some tenability; but for a joint oath, and not a several oath, it opens the door to fraud and deception, and such as cannot be tolerated in insolvency.

That there is no schedule annexed to the petition after reciting the circumstances, which compelled them to surrender their property to their creditors. Comp. Laws, p. 314, §§ 2, 3.

Section two provides that the insolvent shall briefly state in his petition the circumstances, and shall conclude his petition with a prayer to make a cession of his estate. Section three provides that he shall annex to his petition his schedule, and states what the schedule should contain.

Now the document on record is neither a brief statement, nor a schedule. It contains a statement, but after the conclusion of the prayer, we find no schedule, neither annexed nor subjoined. It is but the circumstances, as required in section two. Note the language and then determine. After stating that the Court has jurisdiction, they say: "And that their failure has been for the reasons hereafter stated, to wit: indebtedness," etc. Is not that circumstances; and what there determines it a schedule?

Again: "Second, as to their failure, they make the following statement," merely continuing to show circumstances, but not a schedule.

Then follows the prayer, but there is no schedule in conformity with the provisions of the statute.

The prayer must conclude the petition, and to the petition must be annexed the schedule, and a non-observance of this will be fatal and render all subsequent proceedings void for want of jurisdiction.

Proceedings in the nature of an insolvent's discharge may be ruled out as void, if there was a want of jurisdiction in the officer granting it. Small *v.* Wheaton, 2 Abbott, 175; Staunton *v.* Ellis, 16 Barb., 319.

The general doctrine is not questioned, that where there is a want of jurisdiction in the officer to grant the discharge of the insolvent, the defect is available at all times, in all places, and by any party prejudiced thereby. Small *v.* Wheaton, 2 Abbott, 175; Muzzy *v.* Whitney, 10 Johns., 225; Miller *v.* Brinckerhoff, 4 Den., 120; Staples *v.* Fairchild, 3 Comst., 41; Van Alstyne *v.* Erwine, 1 Kern., 331; *In re* Hurd, 9 Wend., 465.

*Crockett & Page, and P. L. Edwards*, for Respondents.

In this case, no new principle is involved which is not fully covered by the decision of this Court, in the case of Kohlman v. Wright, decided at the July Term, 1856.

In that case, the identical discharge of the insolvent, now in controversy, was under review, and it was objected that the discharge was void, because the petition was sworn to before the clerk, instead of the Judge.

The Court, however, overruled the objection, and held the discharge good, on the ground that the error of making the oath before the clerk, instead of the Judge, was only an irregularity, to be corrected on appeal, and does not affect the question of jurisdiction.

The Court had jurisdiction over the cause; but a failure of the petitioner to comply with the merely directory parts of the act, cannot affect the question of jurisdiction, though it might furnish grounds of reversal on appeal.

If the Court had jurisdiction of the subject-matter, the person, and the relief sought, any mere irregularity in the proceedings will not invalidate the discharge.

On this point, the following authorities are deemed conclusive: Betts v. Bagley, 12 Pick., 572; Taylor v. Williams, 20 Johns. R., 21; Stanton v. Ellis, 16 Barb. R., 321; Cole v. Stafford, 1 Caines' R., 249; Service v. Hermance, 1 Johns. R., 91, 300; Cunningham v. Bucklin, 8 Cow., 178; In re Hurst, 7 Wend., 239; Jenks v. Stebbins, 11 Johns., 224, 441.

It is eminently proper that the application of the members of an insolvent firm should be joint, and not several.

The assets of the firm are to be applied to the payment of firm debts, and the individual assets to the individual debts.

If the applications were several, and not joint, each petitioner might have a separate assignee; and of these several assignees, which of them is to administer the assets of the firm.

It is evident, endless disputes and confusion would arise, and, as there is nothing in the statute in conflict with this view of the case, and as it is obviously most convenient in practice, a joint application is not only allowable, but it is, in fact, the only proper mode of proceeding.

TERRY, J., delivered the opinion of the Court—BURNETT, J., concurring.

This is an action upon a promissory note. The defendants pleaded in bar to the action a discharge from their debts by the judgment of the District Court of Nevada county, under the insolvent laws of the State, and the question involved in the record is as to the validity of this discharge.

It appears from the record of the proceedings in insolvency, that the defendants, who were partners, made a joint applica-

tion for the benefit of the act; that the schedule, affidavits, and other papers, were filed as the joint act of the partners. In the case of Cohen et al. v. Barrett & Sherwood, (5 Cal. R., 195,) it was held that an application under the Insolvent Law was not *stricti juris*, a proceeding either at law or equity, but a special remedy, created by statute, and that, as to such proceedings, the District Courts are inferior Courts, and must pursue the statute strictly; that, in such cases, the District Court must first ascertain that the person, the subject-matter, and the relief sought, are within the statute, before its jurisdiction will attach; in other words, in order to vest the Court with jurisdiction, the petitioner must show, on the face of his application, such a state of facts as will entitle him to a discharge.

In the case under consideration, the application was wholly insufficient:

1. Because it was made in the joint name of the partners, for which there is no authority in the act.

2. Because it does not show a surrender on the part of the defendants, of all the property owned by them, or either of them. The petition, schedule, and affidavit, show a surrender of joint property only, and, for aught that appeared, each may have been in possession of individual property, more than sufficient to satisfy the demands against them.

It follows that the proceedings in bankruptcy, being without jurisdiction, and void, constitute no bar to the action.

Judgment reversed, and cause remanded.