## CHASE v. STEEL et al.

The debts of a partnership must be discharged from the joint-property, before any portion of it can be applied to the individual debts of the partners.

The fact that a partner's interest is mortgaged for his individual debt, for the purchase-money of his share in the partnership, is immaterial. He can only mortgage that which he has, viz.: a share subject to partnership debts.

APPEAL from the District Court of the Fourteenth Judicial District.

The facts necessary to understand the points decided, appear in the opinion of the Court.

*McConnell & Niles* for Appellants.

The contract is between several members of the firm, not as

partners, but as individuals. Their remedy was by action of covenant on the agreement.

Partners may sometimes sue each other at law, and this looks to us as one of the cases where it may be done. Collyer on Part., §§ 245, 246.

It appears that plaintiff and defendants Steel, Gould, and Tilden, are partners. Plaintiff and defendant Steel each owning one-third interest, and defendants Gould and Tilden one-third. It also appears, that there is due plaintiff, from the firm, the sum of $4,580, and that defendant Porter holds two mortgages against the interest of defendants Gould and Tilden, which were given to secure the purchase-money of said Gould's and Tilden's interest in the firm.

At the time of Porter's sale to Gould and Tilden, there were no demands against the company.

The Court decreed a dissolution of the partnership, according to the prayer of the complaint, but further decreed, that one-third part of the proceeds of the sale be paid into Court, to abide its further order, upon the determination and adjustment of the priority of liens upon that portion of the property belonging to defendants Gould and Tilden, and that the remaining two-thirds of the proceeds of sale be applied to the payment of the $4,580.

The error consisted in subjecting the share of the defendants Gould and Tilden to the satisfaction of Porter's mortgage, prior to the satisfaction of partnership debts.

A partner has no interest in the partnership stock, beyond the share remaining after the partnership debts are paid. Pierce v. Jackson, 6 Mass., 243 ; Fiske v. Herrick, ib., 271 ; Holdwill v. Shackles, 8 B. & C., 612–620 ; Nicholl v. Mumford, 4 John. Ch., 523 ; Mechanics' Bank v. Goodwin, 1 Halsted, 338.

Creditors by specialty stand upon the same footing, in this respect, as any other creditors. Collyer on Part., § 126.

The fact that Porter's mortgage was for the purchase-money of the interest of Gould and Tilden, and that there were no debts against the partnership at the time of the purchase, does not affect the operation of this rule.

The specific lien of partners attaches not only to the stock of property on hand, but to everything coming in during the continuance of the partnership, or after its determination. Collyer on Part., § 127 ; Skipp v. Harwood, 2 Swan., 586.

The sale to Gould and Tilden did not, in fact, convey any of the property of the firm to them. It only entitled them, in equity, to call upon Chase and Steel, for an account of whatever interest of Porter should be ascertained to exist. Story Equity Jurisp., § 677.

*W. M. Stewart* for Respondents.

The judgment of the Court should have been to the effect that,

on the sale of the partnership property, the proceeds be first applied to the payment of the costs of this action, and then to the satisfaction of plaintiff Chase's judgment, for $4,580, and the surplus should then have been divided, equally, between Chase, Steel, and Porter, (mortgagee of Gould and Tilden,) until the said mortgage was paid, and then the surplus should be divided, *pro rata*, between Chase, Steel, Gould, and Tilden, members of the " Empire Mill Company ;" for Gould and Tilden could only sell or mortgage their interest in the surplus, after the payment of the debts of the concern.

Collyer on Part., § 127 ; Receivers, etc., *v.* Goodwin, 1 Halsted Ch. R., 334 ; 1 Hilliard on Real Property, p. 7, § 22 ; 1 Story's Eq., 667 ; 6 Mass., 242 ; 2 John., 280 ; Nicholl *v.* Mumford, 4 John. Ch. R., 522 ; Sumner *v.* Hampton, 8 Ohio, 365 ; 3 Kent Com., 37, and note ; Story on Part., §§ 93–99, and notes ; 1 Waterman's Edn. on Injunctions, 53, 3, 55, 48, notes ; Buchanan *v.* Sumner, 2 Barb. Ch. R., 165.

This is a chancery case, and this Court has repeatedly decided that they would, in a case like the present, enter the proper judgment.   Grayson *v.* Gould, 4 Cal., 122.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This was an action for a dissolution of a partnership and account.

From the record, it appears that plaintiff, under contract with the Empire Mill Company, furnished material and performed labor, in building a race and flume for their use, and that the company were indebted to him, on account of such labor and material, in the sum of $4,580; that the Empire Mill Company was composed of plaintiff, and defendants Steel, Gould, and Tilden, plaintiff and Steel owning each one-third interest, and defendants Gould and Tilden owning one-third ; that the interest of Gould and Tilden had been purchased from one Porter, and was mortgaged to him to secure the purchase-money.

The Court decreed a dissolution of the partnership, and a sale of the property ; and that, after payment of costs, the proceeds of the two-third parts of the property, belonging to plaintiff and defendant Steel, should be applied to the payment of plaintiff's demand ; and that the remaining one-third interest, belonging to defendants Gould and Tilden, be reserved for the future decision of the Court as to priority of liens.

This portion of the decree was erroneous.   The debts of a partnership must be discharged from the joint-property, before any portion of it can be applied to the payment of the individual debts of the partners.   " Until the affairs of a copartnership are wound up and settled, the claim of a partner is, strictly speaking, merely equitable ; for, until then, no action can in

general be maintained at law, by one partner against another," etc.  Williams v. Henshaw, H. Peck, 79.

· The fact that Porter held a mortgage on the interest of Gould and Tilden was immaterial; they could convey only such interest as they had, which was merely an undivided third of the property which should remain after the debts of the firm were discharged.  "At common law, a partnership stock belongs to the partnership, and one partner has no interest in it but his share of what is remaining, after all partnership debts are paid, he also accounting for what he may owe to the firm."

Consequently all debts due from the joint-fund must first be discharged, before any partner can appropriate any part of it to his own use, or to the payment of any of his private debts; and a creditor to one of the partners cannot claim any interest but what belongs to his debtor, whether his claim be founded on any contract made with his debtor, or on a seizure of the goods on execution.  (6 Mass., 243; Coll. on Part., § 126:)

That portion of the decree which directed the plaintiff's claim to be satisfied out of the proceeds of the shares of Chase and Steel, is erroneous.  But inasmuch as the case appears to have been fairly tried, and the judgment in other respects to be fully sustained by the facts, as disclosed by the record, it is not necessary that a new trial should be had.

Judgment reversed, and the Court below directed to enter a decree in conformity with this opinion.