## BURPEE *v.* BUNN *et al.*

A DEED of trust made by a debtor in favor of his wife at a time when he is insolvent and his property under attachment, is fraudulent and void as to creditors.

Partnership debts must be first paid from the partnership property before any portion of it can be applied to the payment of the individual debt of a copartner.

Where one of several partners sells his undivided interest in the partnership property, the purchase money stands in the place of the property, and is liable for the partnership debts, the same as the property for which it was paid.

A separate creditor of one of several partners levied an attachment for his debt upon the partnership property, and afterwards made an agreement with a trustee, to whom his debtor had conveyed the property, by which the latter stipulated to pay the attachment debt from the proceeds of a sale of the property, after paying expenses and prior claims : *held*, that neither by his attachment, nor by the agreement, did the separate creditor acquire any title to, or lien upon, the property, as against the superior equity of a subsequently attaching creditor of the partnership.

APPEAL from the Eleventh Judicial District.

The facts are stated in the opinion.

*Higgins & Higgins*, for Appellant McWilliams.

I.    Burpee can make no valid claim to the fund. It is a specific, definite fund, acquired by the sale of property long after the date

of his agreement with Bunn, and not belonging to Bunn.    Even if he had a valid claim or cause of action against Bunn on his contract, that fact would give him no right to this fund which belongs to other parties.    His whole claim is that Bunn, as trustee, agreed to give him the first money that came to his hands to apply on his debt.    At the time of the agreement, the fund was not even in existence, and there could be no specific lien upon it.    It is but an executory contract, at best, and for any breach of its conditions he must look to the contracting party in a personal action.

Bunn had no right or authority to make such a contract for Mrs. Crandall, and having made it, it cannot bind her, or her husband, or the property of either of them.    As a trustee, acting under certain defined powers, and for certain definite purposes, he cannot go beyond the limits of the authority expressly delegated.

II.    Mrs. Crandall's claim is founded entirely upon the deed of trust from her husband, made for the very purpose of defrauding his creditors in the collection of their just debts.    Unless the Court holds that a party in embarrassed and insolvent circumstances can, by a deed of trust for the benefit of his wife, so deed away his property as to keep it beyond the reach of the law for the protection of others, and at the same time keep everything within his own family, she has no claim.

If this fund is not the separate property of Mrs. Crandall, as recognized by our statutes, then it is most certainly liable for his debts, and is bound to answer our suit and garnishment.    That it is not her separate property, see Secs. 1, 2, Arts. 2605, 2606, p. 487 Wood's Digest; Secs. 6, 9, p. 488; 4 Cal. 200; 7 Id. 27; and particularly 12 Id. 253.

III.    McWilliam's attachment was levied for a partnership debt upon the fund which was partnership property.    His equity is, therefore, superior to that of the individual creditor, notwithstanding the prior attachment of the latter. (*Chase* v. *Steel,* 9 Cal. 64; *Conroy* v. *Woods,* 13 Id. 626.)

*Hereford & Williams,* for Appellant Burpee.

*James Anderson,* for Respondent.

I.    Burpee, according to his own allegations, has sufficient prop-

erty liable to his judgment secured by virtue of his proceedings to satisfy his demands against said H. Crandall, aside from the fund in Court, and is therefore not entitled to it. He bases his right to it upon the written agreement entered into between him and Bunn, on the twelfth of August, 1861. That agreement is without any consideration moving from Burpee to Bunn, and is therefore void. The language of the agreement is, " Now, in consideration of said Dwight Burpee having stipulated to delay execution on said judgment against said Crandall, I promise and agree, as trustee aforesaid," etc., etc. Burpee had previously made the agreement with H. Crandall, the consideration of which was that' the said Burpee should take judgment by default, and Burpee was not to issue execution for six months, which term had not expired when he brought suit. Bunn was not authorized to pay the moneys on his demand; it would have destroyed the trust.

II. McWilliams & Co. could in no' event have any right to exceeding fifty dollars of the fund, because less than fifty dollars of the indebtedness they sue for had accrued when H. Crandall left the firm of Foskett, Craig & Crandall. They had no claim to even this amount of the fund, because it is no part of the partnership property, and no part of the personal property of H. Crandall, nor the result of any collections or sales of property of any kind, due to or belonging to either the firm or any one member of it. All the firm property, rights, and interests, and all the individual property, rights, and interests that H. Crandall had at the period he was responsible to them, and at the time of their levying attachment, yet remains, as a fund out of which McWilliams & Co. have a right to make their demand.

III. Abigail Crandall, as a deserted wife, in a necessitous condition, was and is entitled to the fund. (*Lawrence* v. *Spear*, 17 Cal. 421.) The possession of her agent, Bunn, is her possession, and the possession of money or chattels personal is *prima facie* evidence of ownership. Burpee and McWilliams & Co. have not overcome her *prima facie* right to the fund, and there can be no other adjudication than to sustain the judgment below.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

Foskett, Craig & Crandall were carrying on business as partners in Placer County, when Burpee, a creditor, having an individual debt against Crandall, commenced an action thereon and attached the partnership property.    After the attachment, and before judgment, Crandall conveyed the property to Bunn, as trustee for his wife, and Burpee and Bunn enter into an agreement by which Bunn agrees, in consideration of a stay of execution, to pay the judgment out of the first moneys coming into his hands as trustee not covered by " expenses and prior claims."    Burpee recovered judgment for eight hundred and thirty-seven dollars and sixty-five cents against Crandall.    Foskett and Craig afterwards purchased the property of Bunn, and paid him $1,000 therefor. McWilliams, a creditor of the partnership firm of Foskett, Craig & Crandall, then sued the members of that firm, and attached these funds in the hands of the trustee, by serving a copy of the attachment, with notice of garnishment.    Burpee then commenced this action against Bunn on the agreement.    Bunn set up the foregoing facts, and paid the money into Court, after deducting two hundred and forty-nine dollars and seventy-five cents as his expenses.    McWilliams and Mrs. Crandall were made defendants by order of Court, and they appeared and answered, each claiming the money paid into Court.    McWilliams recovered judgment for $1,082 83 in his attachment suit.    The cause was tried by the Court, and a judgment rendered that the seven hundred and fifty dollars and twenty-five cents paid into Court by the trustee be paid to Mrs. Crandall, and that she recover her costs against McWilliams and the other parties.    McWilliams moved for a new trial, which was overruled, and Burpee and McWilliams appeal from the judgment and the order overruling the motion for a new trial to this Court.

In this case there are three parties who claim the fund paid into Court, and the question to be determined is, which one of the three is entitled to it ?    First—Burpee claims it under the agreement made between him and Bunn, the trustee.    Second—McWilliams claims it because the fund is the proceeds of the sale of partnership property, and his debt being a partnership debt, he has a prior right thereto.    Third—Mrs. Crandall claims it as her property under the trust deed.

First, as to the claim of Mrs. Crandall. It is clear that she is not entitled to the property described in the trust deed, or its proceeds, as against the claims of either Burpee or McWilliams, the former being a creditor of Crandall individually, and the other a creditor of the partnership firm of Foskett, Craig & Crandall. Sec. 20 of the Act concerning Fraudulent Conveyances (Wood's Digest, 107) provides, that "every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, or in goods in action, or of any rents or profits issuing therefrom, and every charge upon lands, goods or things in action, or upon the rents and profits thereof, made with the intent to hinder, delay, or defraud creditors or other persons, of their lawful suits, damages, forfeitures, debts, or demands, and every bond or other evidence of debt given, suits commenced, decree or judgment suffered, with the like intent, as against the persons hindered, delayed, or defrauded, shall be void." The deed of trust in this case, made for the use and benefit of the wife of the debtor, at a time when he was insolvent and his property under attachment, is clearly in violation of this statute, and fraudulent and void as to his creditors. (1 Story's Equity, Secs. 355, 357, 359.) The Court therefore erred in decreeing the fund to Mrs. Crandall.

The next question is, which of the two claimants, Burpee or McWilliams, has the better right to the fund. The former claims it under his agreement with Bunn, but it is very doubtful whether he has any right, under that agreement, to follow and reach the particular fund, or has any lien upon the money arising from the proceeds of the property named in the trust deed, and is not confined to his personal action against Bunn for breach of agreement. But we do not deem it necessary to determine this point, for the agreement itself subjects Burpee's claim upon the proceeds of the trust property to expenses and "prior claims;" and if McWilliams has a better right to these proceeds, it may well be questioned whether Burpee has any right thereto until the claim of McWilliams is satisfied. At all events, Burpee cannot set up the agreement between himself and Bunn as a defense to any claim of McWilliams, who was not a party and seems never to have consented thereto. The question then narrows itself down to this: Has McWilliams a

better legal or equitable right to the proceeds of the sale of this partnership property, he holding a partnership debt, than Burpee, who holds but a separate, individual debt against Crandall? We think he has, and that the District Court erred in not rendering judgment in his favor. In *Chase* v. *Steel* (9 Cal. 64) it was held, that partnership debts must be first paid from the partnership property before any portion of it can be applied to the payment of the individual debts of the partnership. In *Conroy* v. *Woods* (13 Cal. 626) the same principle was decided, and it fully determines the question now before us. In that case the Court say that the mere fact of the separate creditor's "getting his separate judgment, issuing execution and making a levy, gave him no title to this (partnership) property, as against the superior equity of these firm creditors." So in this case, the mere fact that Burpee, a separate creditor of one of the partners, had levied his attachment on the partnership property, and had made an agreement with the trustee to receive the proceeds of its sale, gave him no title to the partnership property or the proceeds of its sale as against the superior equity of McWilliams, a creditor of the partnership. These principles have also been reaffirmed in *Dupuy* v. *Leavenworth* (17 Cal. 262).

Judgment reversed and cause remanded, with directions to enter a judgment in accordance with this opinion.

On petition for a rehearing, CROCKER, J. delivered the following opinion—the other Justices concurring:

In the petition for a rehearing filed in this case, it is urged that the conveyance from Crandall to Bunn, as trustee for his wife, was only of the interest of Crandall as a member of the firm of Crandall, Foskett & Craig, and that it only operated as a transfer of the interest he might have left after the payment of the debts of the firm, and a full settlement between the partners. We view it as a conveyance of his undivided share of the partnership property, and that, as to partnership creditors, it still continued partnership property in the hands of Bunn, liable to the partnership debts. It could not be changed from partnership to individual property, so as to affect the rights of partnership creditors in any such way. The

purchase money paid to Bunn for this partnership property, whether paid with partnership means or not, stands in the place of the property as the proceeds thereof, and as a fund derived therefrom, and liable to the partnership debts the same as the property for which it was paid.

The rehearing is therefore denied.