## BULLOCK v. HUBBARD et al.

B. & L. were partners. B. & L. as a partnership was also a member of two other firms—B., L. & S. and B., L., S. & D. The firms all failed, and their property was attached by creditors. The creditors of B., L. & S. and B., L., S. & D. obtained the first attachments, and placed them in the hands of the Sheriff,

before the creditors of B. & L. placed their's in his hands. The Sheriff levied all the writs on the property in the order in which they were placed in his hands. The Sheriff had in his hands a sum of money received from the sale of the property of B. & L. to apply on the executions issued on judgments rendered in the actions:

*Held*, that the creditors of B. & L. were entitled to the money; and that, where a partnership is composed of two or more firms, the creditors of one of the firms are entitled to a preference in the payment of their debts, over the creditors of the whole partnership, out of money the proceeds of the property of that firm.

APPEAL from the District Court, Eleventh Judicial District, Placer County.

Bishop & Long were general partners. The partnership extended to several kinds of business, including farming, and buying, and selling, and raising stock. The firm of Bishop & Long, as a partnership, entered into a partnership with Seifert & Dodsworth, in the butchering business. The firm of Bishop & Long, as a partnership, also entered into a partnership with Stewart, in buying, raising, and selling sheep.

Hubbard, Hall, and Allen were creditors of Bishop & Long and Seifert & Dodsworth; and were also creditors of Bishop & Long and Stewart. Duncan was a creditor of both said partnerships. Reed was a creditor of Bishop & Long. The partnerships failed, and said creditors procured attachments. The attachments of Hubbard, Hall & Allen, and Duncan, were issued and placed in the Sheriff's hands, before Reed procured his. When the Sheriff made the levy, he had all the attachments in his hands, and made a levy on all the property, by virtue of each, but in the order in which they had been placed in his hands.

Judgments were rendered in all the actions on the same day, and executions issued on the judgments and placed in the Sheriff's hands on the same day. The money received from the sale of the property of Bishop, Long, Seifert &·Dodsworth, and Bishop, Long & Stewart, did not satisfy the executions against those firms; and the Sheriff then had remaining in his hands about $1,800, the proceeds of the property of Bishop & Long. Hubbard, Hall & Allen, Duncan, and Reed, each, claimed this money — Hubbard, Hall & Allen, and Duncan, because their attachments were prior in

point of time—and Reed, because he was a creditor of Bishop & Long. The Sheriff commenced an action requiring the creditors to litigate their respective rights to the money. The District Court rendered judgment awarding the money to Reed and Hubbard, Hall & Allen ; and Duncan appealed. It was stipulated that the decision should be made according to the principles governing Courts of Equity in such cases.

*A. S. Higgins,* for Appellants.

The firm of Bishop & Long occupied the position of an individual member of the partnerships of Bishop, Long, Seifert & Dodsworth, and Bishop, Long & Stewart. Bishop had no separate interest in either of said partnerships—nor had Long. Reed, then, was a creditor of an individual member of each of the said firms, to wit: Bishop & Long.

The contract of a partnership is in its character joint and several, and not simply a joint contract. All are liable, both collectively and individually, and the creditor has a right to look for the satisfaction of his debt, either to the partnership or its individual members, or to both ; and his attachment or execution may in the first instance be levied upon the joint property or the property of the individual members, or any of them. This conclusion is irresistible, if the partnership contract is in its character joint and several—for it must be considered like any other joint and several contract.

" Every partnership debt is joint and several, and in all such cases resort may primarily be had for the debt to the surviving partners, or to the assets of the dissevered partners," etc. (Story's Eq. Jur. 6th Ed. 676 ; Id. on Part. Sec. 362 ; 7 Eng. Ch. 588.) " It is now established beyond controversy, that in the consideration of Courts of Equity, a partnership debt is several as well as joint." (Coll. on Part. Sec. 580, and cases cited.)

The indebtedness being in its nature joint and several, and creditors entitled to pursue their remedy against the joint assets, or the individual property of the respective parties, or both, is there any rule of law by which the private creditor of an individual partner can be preferred before a partnership creditor in his remedy against

the private estate ?   It is true, that a partnership creditor is preferred to the extent of partnership assets, before a private creditor of an individual partner ; and the reason of the rule is too obvious to require a statement.   But no such reason exists in the other case ; neither does the rule itself.   In the one case, it is impossible to ascertain the interest of the individual partner until partnership debts are paid, for his interest only relates to the surplus which may remain ; while in the other, his interest and property is definite and certain, having no connection with the rights or interest of others.   Again, in the case of partnership, each partner is entitled to the payment of the partnership debts out of the partnership fund ; and thus the partnership creditor is preferred through the operation of the equities between the partners themselves.

It will be found that all the cases giving to private creditors preference over the partnership creditor upon the private estate, arise under the old rule in bankruptcy, or voluntary assignment of a debtor for the benefit of creditors, when a Court of Equity distributes the assets of the bankrupt or insolvent, giving to each class of creditors priority and preference upon the particular property belonging to its class ; and this has been adopted even in such cases, more as a rule of convenience, than as founded in law and equity.

In the case of *Tucker* v. *Oxley, Assignee* (5 Cranch), Chief Justice Marshall holds, that a joint creditor has a right to go upon the private estate of an individual partner equally with his private creditor, in the absence of a statute of bankruptcy, and cannot be restrained, to the preference of any individual creditor, without the power of a Court of Equity ; and this rule in bankruptcy is " an equitable restraint on the legal rights of parties." (See also *Dorr* v. *Shaw*, 4 Johns. Ch. 18, 19.)

I have been unable to find any cases in our American Reports controverting the position above taken, while there are numerous cases supporting it.   The English cases relied upon in support of the preference of the private creditor upon the private estate are, without exception, based upon the rule of distribution in bankruptcy ; and even under that rule, the English cases present great doubt and conflict of authority.

The question is very ably considered and numerous and leading cases collated in the case of *Bed et al.* v. *Newman* (5 Scarb. & R. 77), particularly in the opinion of Duncan, J. (Id. 95–100). The Court will observe that the particular rate of distribution in that case was adopted because of the express requirement of the statute ; but the general reasoning and law of the case apply directly to this, and support the position taken by the appellant Duncan, and his right to priority in claim upon this fund.

Another case, presenting directly the point in this, and sustaining the position that, " the separate property of each member of a copartnership is liable to be attached for the debts due from the copartnership, and having been thus attached, the lien thus acquired is not to be defeated by a subsequent attachment by a separate creditor. (*Allen* v. *Wells et al.*, 22 Pick. 450 ; *Bardwell* v. *Perry et al.*, 19 Vt., 4 Wash., 292.)

If the position which we have assumed be correct, then the judgment of the Court below is erroneous, in preferring separate creditors, subsequent in attachment and lien upon the separate property, to partnership creditors, who are first in these attachments; and appellants are entitled to a reversal of the judgment and relief accordingly.

*Tuttle & Hillyer*, for Respondent.

It is a general principle in equity, that the creditors of a partnership have a prior claim to the funds of the copartnership for the payment of their demands; and that creditors of separate members of a firm have, in like manner, a prior claim to the separate funds ; and though this rule had its foundation in bankruptcy cases, yet it is now applied in all cases where funds of either character are to be distributed; and equity will interfere to prevent any different distribution.

In England, with the exception of one or two decisions made by Lord Thurlow, the cases are uniform. (3 Vesey, Jun. 288 ; 9 Id. 118 ; 2 Russ. 191.)

In America, there is some conflict, but the best authority supports the proposition as stated. (3 Kent's Com. 65–77, 9th Ed.; 3 Paige's Ch. 168 ; 1 Har. & Gill. 96 ; 6 Mass. 42 ; 1 Story's

Eq. Jur. Sec. 675 ; 5 Johns. Ch. 60.)    Appellant relies upon 22 Pick., 5 Serg. & Rawl., and 19 Vt.   The case in 22 Pick. is an admitted departure from the general rule, based upon no authority, except one previous decision of that Court.   It is not this case, because the fact of insolvency did not appear, and because Bishop & Long are not an individual, but a partnership, whose creditors have the equitable lien of partnership creditors.   The inequity of the rule there laid down is shown in the statement at the close of the opinion, that the Legislature had revived the old rule.   The case in 3 Serg. & Rawl. is authority for nothing.   Three Judges rendered opinions, and no two agreed.   Probably Justice Gibson had the best of the argument.   The case in 19 Vt. 278, is not an authority against us, but in our favor.   Two cases in this Court (the only ones touching the question) affirm the old rule, to this extent : that the creditors of a partnership have a lien upon the partnership property for their demands, which will prevail against a prior attachment by an individual creditor ; and this without reference to the fact of insolvency or the tribunal in which this question is raised.   (*Conroy* v. *Woods*, 13 Cal. 626 ; *Chase* v. *Steel*, 9 Id. 64.) . The reason of the rule is stated to be, that the partnership creditors, when they become such, trust to the partnership fund, and the individual creditors to the separate estate.   This reason, whether of much or little force, applies with its full strength to a case of two firms situated as these were.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action in the nature of a suit in equity, brought by the plaintiff, Sheriff of Placer County, against the defendants, who are the judgment creditors of three partnership firms : one composed of "Bishop & Long," the second of " Bishop, Long, Siefert & Dodsworth ;" and the other of " Bishop, Long & Stewart," to determine which of said creditors are entitled to a sum of money in his hands—the proceeds of the sale of certain partnership property, owned by the firm of " Bishop & Long.".   It seems that the same Bishop & Long were members of each of these partnership firms, and each firm was engaged in carrying on separate kinds of busi-

ness—each owning its separate partnership property. The property levied upon and sold by the Sheriff, was owned by the firm of "Bishop & Long," and none of the others, as partnership firms, had any interest therein. The Court below held, that the creditors of the firm of "Bishop & Long" were entitled to the money realized from the sale in order of the priority of their several attachment liens; and judgment was rendered accordingly, from which the other defendants appeal.

The judgment of the Court below is correct. It has been repeatedly decided by this Court, that the creditors of a partnership are entitled to a preference over the creditors of the individual partners in the payment of their debts out of the partnership property, or moneys arising therefrom, without regard to the priority of attachment liens. (*Chase* v. *Steel*, 9 Cal. 64; *Conroy* v. *Woods*, 13 Id. 626; *Dupuy* v. *Leavenworth*, 17 Id. 262; *Burpee* v. *Bunn*, 22 Id. 194.) And the same principle applies as between the creditors of several partnership firms as in the present case.

The judgment is affirmed.