[No. 6,916.]

## CALIFORNIA FURNITURE CO. *v.* HALSEY, JUDGE, ETC.

INSOLVENCY—PARTNERSHIP.—There is no provision in the insolvency law of this State authorizing a partnership to apply in its joint name for the ben of the act; and the right of the creditors of the firm to pursue the partnership assets is not affected by insolvency proceedings in the case of one the partners.

ID.—ID.—In such case, the assignees succeed only to the right of the insolvent: and consequently, they are entitled to nothing except what remains after the discharge of all the partnership debts, and of the claims of the other partners.

APPLICATION for a writ of *certiorari*.

*Cowdery & Preston*, for Plaintiff.

*J. B. Hart*, for Defendant.

In bank, MORRISON, C. J.:

This is an application for a writ of *certiorari*, made upon a petition presenting substantially the following facts : That upon the 29th day of December, 1879, one B. F. Buhr filed in the County Court of the City and County of San Francisco his petition in insolvency, in pursuance of the act entitled "An Act for the relief of insolvent debtors, and protection of creditors," approved May 4th, 1852 : that attached to the said petition was the schedule required by § 3 of said act; and that upon the filing of the said petition, the County Judge of said city and county made an order requiring the creditors of said Buhr to appear at a specified time and place, and show cause why an assignment of the insolvent's assets should not be made ; and at the same time said County Judge made an order staying all proceedings against said insolvent debtor : that at the time of filing said petition, and for more than one year prior thereto, said B. F. Buhr and one A. M. Bandy were copartners, doing business under the firm-name and style of Buhr & Bandy : that the California Furniture Company is a corporation duly organized, etc. ; and that on the 20th day of December, 1879, said firm of Buhr & Bandy was indebted to said corporation in the sum of $142.32, for goods, wares, and merchandise sold and delivered to said firm by said corporation : that on the 29th day of December, 1879, said California Furniture Company commenced an action in a Justice's Court of the City and County of San Francisco against said firm of Buhr & Bandy, for the recovery of said indebtedness; and thereafter, to wit, on the 3rd day of January, 1880, duly recovered a judgment in said Justice's Court against said Buhr & Bandy for the amount of said indebtedness : that an execution was afterward issued upon said judgment, and was placed in the hands of the proper officer : that upon satisfactory proof that the defendants had assets belonging to said copartnership in their possession or under their control, which they refused to apply to the satisfaction of said execution, the said Justice of the Peace made and entered an order requiring the said defendants to appear at a

time and place designated in said order, and answer concerning said partnership property; that by virtue of the law, the insolvency case of *Buhr* v. *His Creditors* was, on the 1st day of January, 1880, transferred to the Superior Court of the City and County of San Francisco, where said cause is still pending and undetermined; that after the said transfer, and after said case had been assigned to the department of said Superior Court over which said Charles Halsey presides, the said Superior Court made an order, denominated a writ of prohibition, whereby the examination of said Buhr, by the said Justice's Court, was absolutely prohibited. It is this writ of prohibition, so issued by the Superior Court, that is complained of, and which we are asked to review on this writ of *certiorari*.

There is no provision in the insolvent law authorizing a partnership to apply in its joint name for the benefit of the act. (*Meyer* v. *Kohlman*, 8 Cal. 44.) The application in this case was made by one member of the firm; and the question is, what effect did such application have upon the rights and claims of the creditors of the firm? Was their right to pursue the partnership assets affected by the insolvency proceedings of one of the partners?

It is a familiar principle, that the partnership property must first be applied to the payment of the partnership debts, and that the interest of each member of the firm is limited to such property as may be left after the claims of partnership creditors have been satisfied.

"The debts of a partnership must be discharged from the joint property before any portion of it can be applied to the individual debts of the partners." (*Chase* v. *Steele*, 9 Cal. 64.) "At common law, a partnership stock belongs to the partnership, and one partner has no interest in it but his share of what is remaining after all partnership debts are paid." (*Burpee* v. *Bunn*, 22 Id. 194.)

The effect of a dissolution of a partnership by death, bankruptcy, (or by insolvency) is thus stated by Judge Story, in his work on Partnership: "Still another inquiry may remain, in cases where the estate of the deceased partner is not sufficient to pay all his separate debts and all the joint debts; and that is,

whether the debts are to be paid *pari passu* out of the assets of the deceased, or either is entitled to a preference? The general rule would seem to be, (as it is in bankruptcy) that the joint creditors have a priority of right to payment out of the joint estate, and the separate creditors a like right of priority to payment out of the separate estate, and the surplus, if any, is divisible among the other class of creditors." (§ 363.) And again: "In the latter case, (of bankruptcy) the like equity attaches to the solvent partners, and the assignees can stand only in the place of the bankrupt, and take his right, and consequently they are entitled to nothing except the surplus, after the discharge of all the joint debts and of the claims of the other partners." (§ 361; *Allen* v. *Center Valley Company*, 21 Conn. 130.)

In this case, the creditors of the firm of Buhr & Bandy had a right to pursue the partnership property under their judgment against the firm, and the proceeding taken against Buhr & Bandy under the order of the Justice's Court was regular and legal. It was error, therefore, for the Judge of the Superior Court, to issue the writ of prohibition complained of, and we are of opinion that in issuing said writ the said Judge exceeded his jurisdiction. (*Cohen et al* v. *Barrett & Sherwood*, 5 Cal. 95; *Meyer* v. *Kohlman*, 8 Cal. 44.)

Order annulled.

McKEE, J., MYRICK, J., THORNTON, J., SHARPSTEIN, J., McKINSTRY, J., and ROSS, J., concurred.