[No. 7,918.—In Bank.]
December 22, 1882.

## M. C. HAWLEY & CO. *v.* W. D. CAMPBELL ET AL.

DISCHARGE IN INSOLVENCY OF INDIVIDUAL MEMBER OF FIRM FROM FIRM DEBTS.—Under the Insolvency Act of May 4, 1852, and the Acts amendatory thereof and supplemental thereto, the discharge of an individual member of a firm from all his debts operates as a discharge from all his individual liability for the debts of the firm.

CASES DISTINGUISHED.—Neither of the cases entitled, respectively, *Meyer* v. *Kohlman*, 8 Cal. 44; *California Furniture Company* v. *Halsey*, 54 id. 315; *Glenn* v. *Arnold*, 56 id. 631; *Freeman* v. *Campbell*, id. 639; and *In re Baker & Hamilton*, 55 id. 302, went further than to hold that by the Insolvent Act of May 4, 1852, and the Act amendatory thereof and supplemental thereto, no provision was made for the relief of an insolvent partnership, and, as a consequence, that the insolvency Court under those Acts could not administer partnership property nor prevent partnership creditors from subjecting such property to the payment of their debts. In none of the cases mentioned was it held that, under the Acts referred to, an individual member of a firm could not be discharged from his individual liability for firm debts. Nor, in our opinion, does such result necessarily or logically follow from the doctrine of those cases.

APPEAL by plaintiffs from the judgment of the Superior Court of the County of Colusa. HATCH, J.

Action on promissory notes. This action was brought by plaintiffs, M. C. Hawley & Co., to recover of the defendants, Campbell & Spurgeon, $3,700 and interest on two several promissory notes, executed by them as partners, to plaintiffs, on October 1, 1878. The defendants answered, and set up their individual proceedings in insolvency and discharges under the Act of May 4, 1852, and the Acts amendatory thereof and supplemental thereto, as a bar to the action. As individuals they, at the time, surrendered all of their property. The Court made and filed its written findings, and drew as conclusions of law therefrom, that defendants were entitled to judgment against plaintiffs for their costs, and gave judgment accordingly. From the judgment, this appeal is prosecuted by the plaintiffs.

*John T. Harrington*, for Appellants.

It would seem that it is no longer an open question in this State, that where partners have severally filed their petitions in insolvency under the Act of May 4, 1852, no jurisdiction was thereby acquired by the insolvent Court over the estate of the partnership, and that discharges of the individual members of the firm could not be made operative against the firm debts. (*Glenn* v. *Arnold*, 56 Cal. 631; *Freeman* v. *Campbell*, id. 639.) In these cases the legal effect of the insolvency proceedings and discharges of these identical defendants came under review by this Court, and it was there dis-

tinctly held that they were not thereby discharged from their partnership or firm debts. The insolvency Court acquired no jurisdiction of the subject-matter of the partnership, and therefore could not discharge its members from partnership liabilities.

Questions of a like character have arisen under the United States Bankrupt Act, with this difference: that by the latter, provision is made for the insolvency of partnerships; while under our law there is no authority for such proceedings. But even under the United States Bankrupt Act, it has been uniformly held, under proceedings by individual members of a partnership that, giving no schedule of firm debts or assets, nor praying for a discharge from firm liabilities, the discharge when obtained will relieve the bankrupt from his individual indebtedness and not from partnership liability. (*Corey* v. *Perry*, 67 Maine, 140; 77 N. Y. 218; 1 Bank. R. 341; 22 Wall 395; 3 Biss. 491; *Hudgins* v. *Lane*, 11 Nat. Bank. Reg. 463; 15 id. 417; 2 Ben. 96; 3 id. 386; 6 id. 20; Nat. Bank. Reg. 331; 17 id. 76.)

The insolvency proceedings and discharges of the defendants relied upon by them, as a bar to the plaintiffs' demand, had no effect whatever to relieve them from their partnership liabilities, and the plaintiffs were, therefore, entitled to judgment upon the findings for their demand.

*A. L. Hart*, for Respondents.

The appeal in this cause presents but a single question, viz.: Whether the members of a firm may be compelled to pay the firm debts after the discharge of the individual members of said firm in insolvency, and after all the assets of the firm have been exhausted in the payment of the firm liabilities. The case differs from the cases of *Freeman* v. *Campbell & Spurgeon*, and *Glenn* v. *Arnold*, cited in appellant's points, in that in those cases the firm property had not been exhausted, and this Court, expressly reserving the question herein involved, decided that the discharge in insolvency did not operate to release the partnership property from partnership indebtedness. In the former of those two cases the judgment was in the nature of judgment *in rem* against the property of the partnership remaining, and contained

a provision that the said property should be sold, and the proceeds thereof applied to the judgment, and thereupon the said judgment should be satisfied. The ground upon which those decisions were based was that the insolvency Court, by its insolvency proceedings, acquired no jurisdiction over the partnership property. In this cause it appears that all of the property of Campbell & Spurgeon, both individual and partnership, was surrendered to the assignee, and the whole thereof was applied to the payment of the partnership indebtedness long prior to the commencement of this action. Another essential and important difference between the case of *Freeman et al.* v. *Campbell & Spurgeon* and this case is that in the former a writ of attachment had been issued under which property of the firm had been attached, while in this case no attachment appears to have been issued, and there was no firm property to attach.

The decrees finally discharging the defendants in insolvency establish, at least primarily, the existence of all facts that are essential to valid decrees, all intendments being in favor of the jurisdiction of the Court and the regularity of its exercise, and the effect of those decrees was to discharge the defendants from individual responsibility for firm indebtedness. The statute under which the said proceedings in insolvency were had provided: "Every insolvent debtor may be discharged from his debts as hereinafter provided," etc. (Hittell's Codes and Statutes, 15,505.)

The statute is couched in language sufficiently general to cover all persons, whatever may be their relations in business. The rule contended for by appellant would require the section of the statute quoted above to be so construed as to make it read: "Every insolvent debtor, except members of firms, may be discharged," etc. This exception is not contained in the statute, and the language of the statute is itself in conflict with such a construction. Each partner is individually liable for the debts of the firm, and this liability may be satisfied out of his individual property under an execution issued upon a judgment against the firm. Liability for firm indebtedness is, in its nature, joint and several; each partner is liable *in solido* for the indebtedness of the firm. The decree in insolvency operates to discharge the partner

from individual responsibility for firm indebtedness, and his assignment vests his individual property as well as his individual interest in the firm property in his assignee. (*Lothrop* v. *Tilden*, 8 Cush. 375; Hilliard on Bankruptcy, 59, 60, 61, 79; Story on Partnership, 339, 340; *Willson* v. *Gomparts*, 11 Johns. 193; *Alter* v. *McCullen*, 27 La. Ann. 251; *Dorn* v. *O'Neale*, 6 Nev. 155; *Murray* v. *Murray*, 5 Johns. Ch. 70; *Halsey* v. *Norton*, 45 Miss. 703; *Gibson* v. *Green*, 45 Miss. 209; *Ex parte Foster*, 2 Story, 131; *Lowry* v. *Morrison*, 11 Paige, 327; *Lacy* v. *Rockett*, 11 Ala. 1002; *Tucker* v. *Oxley*, 5 Cranch, 34.)

In this case, there being no firm property out of which to direct the satisfaction of the plaintiff's demand, any judgment that might be rendered against the defendants would practically operate as an individual judgment only, and would be executed against the individual property of the defendants acquired since their several discharges of insolvency. There is an evident distinction between the liability of the firm and the individual liability of the members of the firm for firm indebtedness. The latter is not a firm liability, it is the individual liability of a member of the firm created by law, and from such indebtedness the individuals may be relieved by the insolvency Court. A judgment in favor of the plaintiff, unless limited in its operation to firm property, would necessarily follow the nature of the demand, and hence would partake partially of the nature of an individual judgment. But in this cause, the record showing that the firm property has been exhausted, there could be no such thing as a judgment against property that has no existence.

Ross, J.:

No one of the cases entitled, respectively, *Meyer* v. *Kohlman*, 8 Cal. 44; *California Furniture Company* v. *Halsey*, 54 id. 315; *Glenn* v. *Arnold*, 56 id. 631; *Freeman* v. *Campbell*, id. 639, and *In re Baker & Hamilton*, 55 id. 302, went further than to hold that by the Insolvent Act of May 4, 1852, and the Act amendatory thereof and supplemental thereto, no provision was made for the relief of an insolvent partnership, and, as a consequence, that the insolvency Court under those Acts could not administer partnership

property nor prevent partnership creditors from subjecting such property to the payment of their debts. In none of the cases mentioned was it held that, under the Acts referred to, an individual member of a firm could not be discharged from his individual liability from firm debts. Nor, in our opinion, does such result necessarily or logically follow from the doctrine of those cases.

Inasmuch as the insolvency Court has, under the Act of 1852 and the Acts amendatory thereof and supplemental thereto, no jurisdiction of a partnership or of partnership property, the creditors of such firm can lawfully pursue the firm property regardless of the insolvency proceedings. As long as there remains any partnership property, it is primarily liable for partnership debts. When those debts are paid, if anything remains of the partnership property, it belongs to the partnership; and in this each of the members of the firm have an interest. Such interest is liable for the individual debts of the individual members of the firm. But each member of the firm is also individually liable for all of the debts of the firm of which he is a member. When as an individual he seeks the benefit of the Act in question, he is required to execute an assignment of all of his property, and to file a schedule setting forth, among other things, a full, complete, and perfect inventory of all of his property, with a list of losses he may have sustained, giving the names of his creditors, if known, the amount due to each creditor, and the cause and nature of said indebtedness, and when it accrued. His individual interest in the residuum of the partnership property, if any, is included in this schedule and assignment; and when such assignment is made in good faith and without fraud, the insolvent debtor may, in our opinion, be discharged from all individual liability for partnership as well as other debts. The language of the statute is: "Every insolvent debtor may be discharged from his debts," etc. A partnership debt for which he is individually liable is as much "his" debt as is any other individual debt he may owe; and to hold that from the former he can not be discharged, would be to import into the statute an exception not there made; and not authorized nor indeed called for for the protection of the partnership credi-

tors, since, as we have seen, they may pursue the partnership property without regard to the insolvency proceedings.

Judgment affirmed.

THORNTON, MYRICK, McKINSTRY, and McKEE, JJ., and MORRISON, C. J., concurred.

SHARPSTEIN, J., dissented.