[In Bank. — February 23, 1883.]

## WILLIAM DRESBACH, RESPONDENT, v. HIS CRED-ITORS, H. P. MERRITT, OPPOSING CREDITOR, APPEL-LANT.

INSOLVENCY — DISCHARGE OF INDIVIDUAL MEMBER FROM FIRM DEBTS. — Under the Insolvency Act of 1852, the discharge of an individual member of a firm from all his debts operates as a discharge of his liability for partnership debts.

ID. — ASSIGNMENT FOR BENEFIT OF CREDITORS. — An assignment by a member of a firm of all his property of every description for the benefit of creditors, under the provisions of the Civil Code, does not preclude him from applying for and receiving a discharge under the insolvent law.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. C. Ball, John T. Carey,* and *J. W. Armstrong,* for Appellant.

*A. P. Catlin, Henry Edgerton,* and *Wallace, Greathouse & Blanding,* for Respondent.

PER CURIAM. — One question involved in this appeal is already disposed of by the recent decision of this court in *Hawley* v. *Campbell,* 62 Cal. 442, that an insolvent may, under the Act of 1852, be discharged of his liability for partnership debts.

The other question presented is this: November 23, 1878, Dresbach, a member of a partnership, made his individual assignment of all his property of every description, in trust for the benefit of his creditors. On the 3d day of February, 1879, he commenced these proceedings of voluntary insolvency. Schedules were annexed to his petition, but it is not claimed that at the commencement of the insolvency proceedings he had acquired any property since the assignment of November 23, 1878. It is urged that if a person, being actually insolvent, makes an assignment for the benefit of his creditors, he cannot apply for relief under the insolvent law, and be discharged from liability; that the assignment was of itself a fraud upon the insolvent law, in that it was a transfer of the property to an assignee of the insolvent's selection, and by it he deprived him-

self of any property to surrender to his creditors in the insolvency proceedings; that he thus deprived his creditors of all right to have a voice in the selection of a person to administer the estate, which is given by the insolvent law.

The assignment to an assignee of his own selection was authorized by the Civil Code (§ 3449), therefore it cannot be said to be fraudulent in itself; the statute gave the insolvent the right of selection; and the fact that that assignee had the property of the insolvent would not prevent the latter from having the benefit of a discharge in insolvency. We cannot say that nothing passed to the assignee in insolvency. If the property first assigned should yield more than sufficient to pay debts then existing, the assignee in insolvency would doubtless be entitled to the surplus. The right to a discharge in insolvency does not depend on the character or condition of the property assigned, but upon the good faith of the applicant in his proceedings.

The Act of May 4, 1852, section 39, declared that "no assignment of any insolvent debtor, otherwise than as provided in this act, shall be legal or binding upon creditors"; but the enactment of the Code of 1873 (Civil Code, part 2, title 3, "Assignment for the Benefit of Creditors") had the effect of repealing *pro tanto,* section 39 of the Act of 1852; and thereafter, while the Act of 1852 remained in force, the two systems of assignments under the Code, and assignments in insolvency, were not necessarily antagonistic, and the latter was not entirely exclusive. Judgment and order affirmed.