[In Bank—June 4, 1883.]

# HENRY BARROILHET, Respondent, *v.* JEAN FISCH ET AL., Appellants.

Assignments for the Benefit of Creditors—Repeal of Statute.—The provisions of the Civil Code in relation to assignments for the benefit of creditors are not repealed by the insolvent law of 1880.

Id.—Inventory of Indebtedness.—A mistake in computation, or an unintentional error, whereby the indebtedness to some of the creditors is represented in the inventory as larger than the amounts actually owing, is not enough to vitiate the assignment.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The assignment in question was made by *Joseph F. Vorbe* to the plaintiff in trust for the creditors of *Vorbe*. One of the

principal objections to the assignment arose on an indebtedness of three thousand five hundred dollars appearing in the inventory as due to *Madam M. Grandvoinet.* This was originally a *bona fide* indebtedness, but prior to the assignment, the parties entered into an agreement by which the indebtedness was changed to an annuity for life. The court below found that the error in regard to the indebtedness as stated in the inventory was accidental, and without any fraudulent intent.

The action was brought to determine the rights of the plaintiff under the assignment, and to enjoin a sale of the assigned property under a judgment recovered by the defendant *Fisch* against *Vorbe* subsequent to the assignment. The court held that the assignment was valid, and vested in the plaintiff the title to the property for the benefit of the creditors. A judgment was rendered in his favor as demanded in the complaint.

*Stephen G. Nye,* and *York & Whitworth,* for Appellants.

*Edward J. Pringle,* for Respondent.

SHARPSTEIN, J. — In *Dresbach* v. *His Creditors,* 63 Cal. 187, it was held that the Code which provides for "assignments for the benefit of creditors" (Civ. Code, tit. 3, part 2, div. 4), was not repealed by the insolvent law of 1880, which contains a provision that all acts and parts of acts in conflict with it are repealed.

Conceding that the assignor in some instances inventoried his indebtedness to some of the creditors, for whose benefit said assignment was made, too high, we think, in the absence of any evidence that it was designedly done, the assignment should not be held void for that reason. A mere mistake of computation ought not to vitiate such an assignment, and we are not prepared to say from an inspection of the record that there is anything more than that apparent in this case. The court below found that there was not, and we must presume that the evidence justified that finding unless the contrary appears.

Judgment and order affirmed.

MYRICK, J., McKEE, J., THORNTON, J., and McKINSTRY, J., concurred.