## Case No. 13,419.

### In re STEWART.

[3 N. B. R. 108 (Quarto, 28).] [1]

District Court, W. D. Texas. 1869.

BANKRUPTCY—VOLUNTARY AND INVOLUNTARY PROCEEDINGS — ADJUDICATION — MOTION TO SET ASIDE—SCHEDULES.

Creditors petitioned to have debtor declared bankrupt; process issued thereupon, and bankrupt, by indorsement on copy of said petition served upon him, admitted the truth of the allegations therein contained, except as to those of fraud, and before the day to appear and show cause, the bankrupt filed his voluntary petition in the same court and was adjudicated bankrupt by proper register. On motion to set aside the said adjudication of bankruptcy as void, *held*, that the same was nugatory and of no effect pending the proceeding in involuntary bankruptcy. Adjudication accordingly set aside and debtor adjudged bankrupt by the court on petition of creditors, and schedules previously filed by him ordered to be held as filed under such adjudication.

[Cited, but not followed, in Re Flanagan, Case No 4,850.]

[In the matter of R. R. Stewart, a bankrupt.]

DUVAL, District Judge. On the 4th June, 1868, Zenia, Aldrich & Co., as creditors, filed their petition praying that Stewart should be adjudged a bankrupt, and alleging the commission of certain acts as grounds therefor. Process was issued, requiring said Stewart to appear, on the 2d day of November, instant, and show cause why the prayer of the petition should not be granted. On the 27th day of August, 1868, the said Stewart, by an indorsement on the copy of the creditor's petition, served upon him, admitted that all the statements, charges, and allegations in said petition were true, except those of fraud. Before the time had elapsed in which he was called upon to appear and answer, the said Stewart, to wit, on the 12th day of October, 1868, filed his petition in voluntary bankruptcy, and such proceedings were had thereon that on the 27th of October, 1868, he was adjudged

a bankrupt on his own petition by Mr. Register Whitmore, The attorneys of Zenia, Aldrich & Co. now move the court to consolidate the two cases named above, or to declare and adjudge that the adjudication of Stewart, as a bankrupt, on his voluntary petition, be set aside and held for nought, and the case of the creditors held for trial. It never was intended by the bankrupt act [of 1867; 14 Stat. 517], and no correct rule of practice can tolerate it, that when a creditor has instituted proceedings to force his debtor into bankruptcy, that such debtor should be allowed to become a bankrupt, and be adjudicated as such on his own petition, before a determination of the creditor's petition. To permit such a practice might work a most flagrant wrong upon the rights of a petitioning creditor. I think, therefore, that the adjudication of Stewart, as a bankrupt, on his own petition, when the application of the creditors, Zenia, Aldrich & Co., for that purpose, was pending, undetermined, was nugatory and void, and the same is ordered to be set aside.

The court, entertaining alone the creditor's petition, and looking to the charges therein contained, the admissions of Stewart made in reply thereto, and the fact of his application, voluntarily made, to be adjudged a bankrupt, finds the allegations in said petition to be true, and adjudges him a bankrupt thereon accordingly. And, inasmuch as the said bankrupt has filed, with his voluntary petition, full and complete schedules of his property, liabilities, etc., it is ordered that they be held and regarded as if filed under adjudication of bankruptcy made against him on said creditor's petition, and have the same binding and legal effect.

It is further ordered that such other and further proceedings be had as the bankrupt law requires in cases of involuntary bankruptcy, and as may be applicable in, and proper to this case.