[No. 7,690.—Department One.]

## THE COMMERCIAL BANK OF LOS ANGELES v. H. M. MITCHELL.

PARTNERSHIP—PREFERENCE OF FIRM OVER INDIVIDUAL DEBTS—COMPLAINT IN ACTION AGAINST PARTNERSHIP—TITLE OF ACTION—PLEADING—PRACTICE.—In an action against the members of a partnership upon a joint and several promissory note, signed by them individually, but not with the firm name, an attachment was issued and levied upon the interests of defendants in the partnership property, upon which one attachment previously had been, and others were subsequently, levied in actions against the firm. Subsequently the plaintiff, under § 432 of the Code of Civil Procedure, amended his complaint, by alleging the partnership of the defendants, and that the note was a partnership debt; but the action still ran against the defendants as individuals, and judgment was entered against them in that capacity. Judgments having been entered in all the cases, the property was sold under execution in one of the cases against the firm, and the proceeds applied in satisfaction of that execution and another in a similar case. *Held,* that the money was properly applied on the executions against the firm in preference to those of the plaintiff.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of Los Angeles County. HOWARD, J.

A petition for hearing in Bank was filed in this case after judgment, and denied.

*Thomas H. Smith,* for Appellant.

Plaintiffs' execution was levied upon the resulting contingent interest of the partners in the firm property. Another and different interest in the property, to wit, the firm's interest, was sold under the execution, and the proceeds of the sale of the firm's interest were, by the sheriff, properly applied upon the executions against the firm in his hands. The firm was insolvent. "A partner has an interest in the stock only to the amount of the ultimate balance due to him as his share of the stock." (*Conroy* v. *Woods,* 13 Cal. 632 ; *Chase* v. *Steel,* 9 id. 64 ; *Burpee* v. *Bunn,* 22 id. 194 ; *Jones* v. *Thompson,* 12 id. 191 ; *Conroy* v. *Woods,* 13 id. 626 ; *Jones* v. *Parsons,* 25 id. 104 ; *Robinson* v. *Tevis,* 38 id. 615, 617, 618, 619.)

*Bicknell & White* and *Graves & Chapman,* for Respondents.

It is objected that by the form of our promissory notes they were the obligations of the individuals, and not of Riley and Rothchild, and that if this be not so the title of our action and of the writs and the form of our judgment deprived us of any right to participate in the proceeds of the sale of the firm property till the firm creditors were satisfied; but in this case both the partners borrowed the money, borrowed it for the firm, and it was used by the firm. Surely this was a firm debt. Equity does not regard the form of the contract but the substance of the debt. (*Martin* v. *Davis,* 21 Ia. 535.) A promissory note made by all the individuals composing a firm is the note of the firm. (*Filley* v. *Phelps,* 18 Conn. 305; *De Jarnette Ex.* v. *McQueen,* 31 Ala. 230 ; *In re Thomas,* 17 B. R. 56 ; *Maynard* v. *Fellows,* 43 N. H. 255 ; *Norton* v. *Seymour,* 3 C. B. 792; Collyer on Part. Perk. ed. p. 404, § 414, note 3; *Crozier* v. *Kirker,* 4 Tex. 252 ; *Holden* v. *Bloxum,* 35 Miss. 381; 1 Dan. Neg. Ins. p. 268, § 361; *McGregor* v. *Cleveland,* 5 Wend. 475; 1 Par. on Con. p. 213, 6th ed.; 1 Par. on Notes and Bills, p. 136.)

The title of our actions against Riley & Rothchild is of no significance. (1 Estee Pl. new ed. p. 257-8; 2 Vansantvoord's Pl. p. 362; 1 Abb. Forms, 151; *Davis* v. *Abbott,* 2 McLean, 29; *Stephens* v. *Roby,* 27 Miss. 744; *Markham* v. *Buckingham,* 21 Ia. 494; *Bell* v. *Massey,* 14 La. Ann. 831; *Jaques* v. *Greenwood,* 12 Abb. Pr. N. Y. p. 232.)

And although the original complaint did not charge them as partners, the amended complaint superseded the original, and related to the commencement of the action. (*Jones* v. *Frost,* 28 Cal. 246; *Barber* v. *Reynolds,* 33 id. 500.) And the judgment is to be interpreted in the light of the pleadings. (*Brower* v. *Davis,* 15 id. 11; *Shepard* v. *McNeil,* 38 id. 72; ·Free. on Judg. § 45.)

But we submit that our rights would have been the same without any amendment of our pleading. In an action against A. & B. as partners, it is unnecessary to allege that they are partners, though that would be more technical. (*Davis* v. *Abbott,* 2 McLean, 29.)

Though the action was against the partners, as individuals,

the judgment will find the partnership property. (*Stephens v. Roby*, 27 Miss. 744; *Bell* v. *Massey*, 14 La. Ann. 831; *Jacques* v. *Greenwood*, 12 Abb. P. N. Y. 232; *Martin* v. *Davis*, 21 Ia. 535; *Overholt's Appeal*, 12 Penn. St. 222; *Lash* v. *Arnold*, 8 Jones, 206.)

McKEE, J.:

This is an action to recover of the defendant the sum of one thousand three hundred and thirty-eight dollars and fifteen cents, with seven per cent. interest from October 25th, 1879, money alleged to have been collected for the plaintiff by the defendant as Sheriff of Los Angeles County, and which he refused to pay to the plaintiff on demand. The action is therefore in the nature of an action for money had and received.

The case was tried in the Court below with a jury. The plaintiff had a verdict and judgment; and from the judgment and order refusing a new trial the defendant brings the case before us by appeal.

By the engrossed statement on motion for a new trial, it appears that on July 11th, 1879, James M. Riley and E. S. Rothchild were partners in trade, doing business in the city of Los Angeles, under the firm name of Riley & Rothchild; on that day several attachment suits were commenced against the firm, and others against the individual partners of the firm. Among the latter were two suits instituted by the plaintiff in this action, one against James M. Riley and E. S. Rothchild, and the other against Samuel Rothchild, E. S. Rothchild, and James M. Riley. The first was to recover a balance due upon a joint and several promissory note made by James M. Riley and E. S. Rothchild; and the second to recover a balance due upon a joint and several promissory note made by Samuel Rothchild, E. S. Rothchild, and James M. Riley.

It is admitted that in the original complaints filed in the plaintiff's actions the defendants were not named as partners, either in the title or the body of the complaint, and that the writs of attachment issued in them ran against the individual defendants, and commanded the Sheriff to attach and safely keep all the property of such defendants within his

county, not exempt from execution, to satisfy the plaintiff's demand, etc.   The attachments in all the suits against the firm and against the individual members of the firm, were issued on the same day, and were placed in the hands of the Sheriff for service according to law.   The first which came to his hands was an attachment issued in the suit of L. & E. Emanuel against the partnership for a partnership debt.   This the Sheriff levied, July 12th, 1879, upon a stock of goods, wares, and merchandise—the partnership property of the firm.   Afterwards, on the same day, defendant attached "the right, title, and interest" of the individual partners in the same stock of goods, at the suit of the plaintiff in the action against James M. Riley and E. S. Rothchild.   Afterwards, on the same day, defendant again attached the partnership property, at the suit of one E. N. McDonald against the partnership for a partnership debt.   Afterwards, on the same day, defendant attached the "right, title, and interest" of Samuel Rothchild, James M. Riley, and E. S. Rothchild in the same partnership effects, at the suit of the plaintiff in this action against the said parties.   And, afterwards, on the same day, defendant attached the same stock of goods as the partnership property of the firm, at the suit of Walter & Co., against the firm for a firm debt.

On the 22d of July, 1879, the plaintiff, under § 432 of the Code of Civil Procedure, amended the complaints in its actions by alleging that the defendants, James M. Riley and E. S. Rothchild, were copartners, and that the note described in each of the complaints was given by the defendants to secure payment to the plaintiff of moneys which had been loaned to them and were used in the business of the firm.   But the actions still ran against the defendants as individuals, and judgments were entered against them in that capacity.   The first judgment was entered by default on August 8th, 1879, in favor of the plaintiff against Samuel Rothchild, James M. Riley, and E. S. Rothchild, for five hundred and eighty-three dollars, and twenty-six dollars and twenty-five cents costs; the second, August 11th, 1879, in favor of the plaintiff against James M. Riley and E. S. Rothchild for six hundred and forty-eight dollars and ninety cents, and twenty-two dollars costs. Executions were issued on these judgments August 11th, 1879,

and were levied by the defendant, at the instance of the plaintiff's attorney, upon "the interest of the defendants in execution," in the stock of goods, belonging to the firm of Riley & Rothchild, which the defendant had seized and held under the writs of attachment in favor of the partnership creditors in the manner already stated. This interest the defendant advertised to sell, at execution sale, on the 18th of August, 1879; but on the day of the sale the plaintiff's attorney served upon him the following notice, viz.:

" H. M. MITCHELL, Sheriff:

" *Commercial Bank of Los Angeles* v. *Riley & Rothchild.* In this action please postpone sale of stock of defendants indefinitely, but retain the levy of the execution in said case.
                    " J. A. GRAVES, Attorney for Plaintiff."

And in obedience thereto the sale of the defendants' interest in the partnership property was "indefinitely postponed."

The day after this postponement judgment was entered in the case of Walter & Co. against the firm for four thousand six hundred and forty-six dollars and fourteen dollars costs. Afterwards, on the 27th of August, 1879, judgment was entered in the case of McDonald against the firm for five hundred and eighty-eight dollars and twenty-four dollars costs. And afterwards, on the 22d day of September, 1879, judgment was entered in the case of L. & E. Emanuel against the firm for four thousand six hundred and thirty-one dollars and seven hundred and seventy-five dollars costs. Executions were regularly issued upon those judgments. By the execution issued upon the first of them, the stock of goods seized and held under the attachments against the firm was levied upon and regularly sold October 11th, 1879, for the sum of eight thousand four hundred dollars. And out of the proceeds the defendant satisfied that execution by applying to it the sum of four thousand eight hundred and fifty-five dollars and forty-five cents and applied the balance which remained in his hands, viz.: three thousand five hundred and forty-four dollars and fifty-five cents, in part satisfaction of the execution in the case of *L. & E. Emanuel* v. *Riley & Rothchild.* On October 20th, 1879, the defendant returned upon the execution in Walter's case that it was "satisfied in full;"

that the execution in Emanuel's case was " satisfied in part;" that the execution in McDonald's case was " unsatisfied," because, as is stated in the return, " I have sold all the property of the firm of Riley & Rothchild under the Walter's execution, and have been unable to find any other property of said firm within my county subject to execution;" and that " the sale of the individual interests of the partnership in the property, under the executions issued upon the judgments in favor of the plaintiff, had been, by order of the plaintiff, indefinitely postponed, and no further proceedings were taken under them when they expired and were returned with my doings indorsed thereon."

But four days after the sheriff had made his return, the plaintiff demanded of him to apply the proceeds of the sale of the firm property to the payments of its judgments, by serving upon him the following, to wit:

" OCTOBER 24th, 1879.

" H. M. MITCHELL, Sheriff of Los Angeles County—Sir: I hereby demand of you the payment in full of the judgment in favor of the Commercial Bank of Los Angeles, against E. S. Rothchild and J. M. Riley, and the judgment in favor of the said Commercial Bank against Samuel Rothchild and E. S. Rothchild and J. M. Riley, out of the proceeds of the sale of the property of E. S. Rothchild and J. M. Riley, copartners under the firm name of Riley & Rothchild, which sale was made by you under execution on the 17th day of October, 1879.          (Signed)          J. A. GRAVES,

"Attorney for Commercial Bank of Los Angeles."

This demand was refused, and on October 30th, 1879, the defendant returned the executions in the plaintiff's cases, as follows, to wit:

" *Commercial Bank* v. *E. S. Rothchild et al.*—I hereby certify that I received the annexed execution on the 11th day of August, 1879, and on the same day, at the County of Los Angeles, by instruction of attorney for plaintiff duly levied the same on a certain stock of goods, wares, and merchandise, at the furniture store of defendants in McDonald Block, City and County of Los Angeles, subject to prior levies, and duly advertised the same for sale, at said store, on Monday, the

18th day of August, 1879, at ten o'clock A. M.; that on said day of sale said sale was, by order of said attorney for plaintiff, indefinitely postponed; that after due and diligent search and inquiry, I am unable to find in this county any property belonging to defendants not exempt from execution, and therefore return this execution unsatisfied.

"(Signed)          H. M. MITCHELL, Sheriff.
"October 30th, 1879."

It is contended on behalf of the plaintiff, that the defendant received the proceeds of the sale of the attached property under the execution in the suit of Walker & Co., for the benefit of the attaching creditors; that it was the duty of the defendant to apply the proceeds to the satisfaction of the executions in his hands, in the order in which the attachments had been levied, and that having failed to do so he is liable to the plaintiff in this action for the amount of its attachments.

The attachment in Walter's case was levied last and satisfied first, although the plaintiff's attachments were levied before it; but the levies were upon different kinds of property. The one was upon partnership property, by partnership creditors, in an action against the firm, for a partnership debt; and the other was upon the interest of the partners in the partnership property, by individual creditors, in an action against the partners in their individual capacities for personal debts. Both levies were valid; for the interests of partners in partnership property is subject to levy and sale for their debts. Such was the levy made by the defendant for the plaintiff, and there is no question that if there had been no prior or subsequent attachments levied upon the partnership property by partnership creditors for debts of the firm, it would have been the duty of the defendant to have seized the entire property, under the levy of the partners' interest therein, and delivered it to a purchaser on execution sale. (*Phillips* v. *Cook,* 24 Wend. 389.) But the right of the Sheriff to seize and deliver partnership property under an attachment of the individual interests of the partners herein is only incidental to the right of the attaching creditor or purchaser to reach the interests of the members of the partnership, and is to be exercised only as means to that end. (*Atkins* v. *Saxton,* 77 N.

Y. 195.)   And this right of the attaching creditor or purchaser to reach the interest attached is an equitable one, which can be exercised only through the form of a proceeding for an accounting between the partners and a settlement of the partnership debts.   (*Burrall* v. *Acker*, 23 Wend. 606.)   Until the affairs of the copartnership are wound up and settled, the claim of a partner is, strictly speaking, merely equitable, for, until then, no action can, in general, be maintained at law by one partner against the other for a portion of the profit, etc. (Story's Law of Part. p. 322.)

And after judgment, the accounting and settlement may be had by the attaching creditor or the Sheriff before execution sale, or after sale by the purchaser of the individual interests of the partners.   "By the seizure of the partnership effects, the Sheriff acquires a special property in the goods seized; and the judgment creditor himself may, and the Sheriff also, with the consent of the judgment creditor, may, file a bill against the other partners for the ascertainment of the quantity of that interest, before any sale is actually made under the execution.   The judgment creditor, however, is not bound, if he does not choose, to wait until such interest is so ascertained, but he may require the Sheriff immediately to proceed to a sale, which order the Sheriff is bound by law to obey. In the event of a sale, the purchaser at the sale is substituted to the rights of the execution partner *quoad* the property sold, and becomes a tenant in common thereof; and he may file a bill to ascertain the quantity of interest which he has acquired by the sale." (Story on Part. § 263; *Jones* v. *Thompson*, 12 Cal. 199; *Robinson* v. *Tevis*, 38 id. 611.)

The plaintiff's position as to the proceeds of the sale of the partnership property, under the execution in the case of Walter & Co. against the firm of Riley & Rothchild, was, therefore, simply this: It had acquired by the levy of its attachments and the executions issued upon its jugdments, a lien upon the individual interests of the members of the firm in the firm property.   It could have enforced this lien by a sale of the attached interests, or after the sale—if it had purchased at the sale—by an action in equity to ascertain the quantity of the interest, if any, remaining after the settle-

ment of the partnership affairs and the payment of its debts. But as a lienholder the plaintiff made no use of its rights or its remedies. It did not commence an action to ascertain whether there would be a surplus after the settlement of the partnership. It did not even sell the "interests," upon which it had levied. By its own orders to the Sheriff, the sale thereof was indefinitely postponed. The rights of the plaintiff were, therefore, by its own voluntary act, placed in abeyance; and when the defendant was called upon to sell the partnership property under the executions in favor of the partnership creditors, it was his duty to obey, and to apply the proceeds of the sale toward the satisfaction of the judgments against the firm. If, after the performance of that duty, there remained in his hands a surplus, the plaintiff might have been entitled to have it applied towards the satisfaction of its executions; for though its rights were in abeyance, they were not forfeited; they existed and were enforceable, according to law, at any time after the sale of the partnership property and the payment of the partnership debts against any surplus which might remain. But the proceeds of the sale were insufficient to satisfy the executions, in the hands of the defendant, against the firm; there was therefore no surplus to be applied towards the satisfaction of the plaintiff's executions. The plaintiff was, therefore, not in a position to maintain an action in the nature of an action for money had and received against the defendant. "To enable the plaintiff to recover," says Sawyer, C. J., in *Robinson* v. *Tevis, supra,* "the burden is on him to show that there was a surplus, and the amount of his share of the surplus. \* \* \* Till this is done, and his share set off and appropriated to him, he is no more entitled to the possession or control of the fund than the partners."

Judgment and order denying a new trial reversed, and cause remanded.

McKINSTRY, J., and THORNTON, J., concurred.

Ross, J., being disqualified, took no part in the decision.