## KEESE vs. COLEMAN & COMPANY.

In cases of insolvency, partnership property is first bound to pay partnership debts, and the individual property of the partners to pay individual debts.

(a.) Where a creditor held a mortgage on a stock of goods belonging to a firm and upon a horse belonging to one of the members of a firm, and by agreement between the owner of the horse and the holder of the mortgage, the horse was sold and the proceeds applied to an individual debt due by the owner to him, if subsequently the stock of goods were sold and the proceeds brought into court, in a contest over the fund by the creditors of the firm, both the firm and its members being insolvent, the sale of the horse and the application of the proceeds to the individual debt would not amount to an extinguishment of the mortgage *pro tanto.*

March 4, 1884.

Partnership.    Debtor and Creditor.    Insolvency.    Mortgage.    Liens.    Before Judge CLARKE.    Randolph Superior Court.    May Term, 1883.

. Reported in the decision.

W. C. WORRILL; A. HOOD, JR., by brief, for plaintiff in. error.

W. D. KIDDOO, for defendan,s.

BLANDFORD, Justice.

Pulaski & Company held a mortgage on a stock of goods; of Knighton & Keese, also on a horse belonging to Knigh-. ton, of the firm of Knighton & Keese, which mortgage· was afterwards, for value, transferred to E. H. Keese, the father of E. A. Keese, which latter was one of the firm of' Knighton & Keese. Knighton agreed with E. H. Keese, the transferee of said mortgage, that the horse should be sold, and the money arising from the sale of the horse should be paid to E. H. Keese, in discharge of an individual debt which Knighton owed E. H. Keese; the sum which the horse brought was one hundred and twenty dollars; and this was done.

S. T. Coleman & Company held a mortgage, executed. by Knighton & Keese on the same stock of goods covered by the mortgage made to Pulaski & Company and transferred to E. H. Keese, junior to this last mentioned mortgage, but the same was not on the horse mentioned in the· Pulaski mortgage. The goods were sold by the sheriff' under foreclosure of these mortgages. S. T. Coleman & Company brought a rule against the sheriff, claiming that the money raised from the sale of the mortgaged goods should be paid to them on their mortgage, because they alleged that the Pulaski & Company mortgage, which had been transferred to E. H. Keese, had been paid off. E. H.. Keese claimed the money because his mortgage was the· older lien. The presiding judge charged the jury that the· reception of the one hundred and twenty dollars by E. H. Keese from the sale of the horse by Knighton, and the· payment of the same on an individual debt held by E. H.

Keese on Knighton, operated as a payment *pro tanto* on the mortgage held by E. H. Keese as transferee from Pulaski & Company. And this ruling of the court below is here complained of.

The rule that partnership property is first bound to pay partnership debts, and individual property to pay individual debts, is well recognized. Code, §1918; 9 *Ga*, 319; 19 *Id.*, 87; 21 *Id.*, 398; 27 *Id.*, 302; 28 *Id.*, 371; 47 *Id.*, 415.

The doctrine of a lien on two funds does not apply in this case. It seems to us, as the horse was the individual property of Knighton, and the partners and partnership insolvent, that the proceeds of the sale of the horse should have been first applied to the payment of the individual debt of Knighton due to Keese, as was done in this case. So we think the court erred in his instructions to the jury, and should have granted a new trial in this case.

Judgment reversed.