## J. J. RICHARD ET AL. v. E. A. ALLEN.

ERROR TO THE COURT OF COMMON PLEAS OF WARREN COUNTY.

Argued May 23, 1887—Decided October 3, 1887.

1. As a partnership is a distinct entity and the joint effects belong to it and not to the several partners, levies upon partnership effects for the several debts of the individual members create no lien and are nugatory; the seizure is a trespass and legally void.
2. A levy made under an execution against a partnership upon partnership property, though after a levy upon the same property upon executions against the several members, creates a valid lien, and a sale thereon vests the absolute ownership of the property in the vendee.
3. Doner v. Stauffer, 1 P. & W. 198, followed.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; PAXSON, J., absent.

No. 147 January Term 1886, Sup. Ct.; court below, No. 45 December Term 1883, C. P.

This was an action in trespass vi et armis begun in the court below on September 22, 1883, by J. J. Richard and S. J. Conquer against E. A. Allen. The defendant, as the sheriff of Warren county, had levied upon and sold certain personal property as the property of the firm of Sargent & Holt, drillers of oil wells, which property the plaintiffs claimed had been purchased by them at a constable's sale upon executions against R. H. Sargent and David Holt, the members of said firm.

On the trial, on May 8, 1885, after the evidence was closed, by agreement of counsel the verdict of the jury was taken upon the damages recoverable, if any, and the case upon the evidence with the verdict as to damages was submitted to the court under the provisions of the act of April 22, 1874. The jury fixed the amount of damages at $373.75.

The following are the facts as found by the court:

R. H. Sargent and David Holt were partners, as Sargent & Holt. The property in dispute belonged to the firm, and about September 1, 1883, it was levied upon under a constable's execution against Sargent in favor of J. J. Richard, and a like execution in the hands of the same constable against Holt in favor of C. P. Henry. The constable put and kept the property in the exclusive custody and control of Samuel Vickers, as his bailiff, and advertised a sale under said writs to be made September 7, 1883. These executions were of the ordinary form issued by a justice of the peace.

On September 4, 1883, Holt with the consent of Sargent executed a judgment note, in the name of the partnership of Sargent & Holt, to W. H. Copeland, for $700, at one day, on which note judgment was entered on September 6, 1883, and an execution issued thereon which reached the sheriff's hands at 5:27 P. M. that day. On the morning of September 7, 1883, and before the constable's sale, E. A. Allen, the sheriff and defendant herein, under the Copeland execution levied upon the same property previously levied upon by the constable.

As advertised, the constable on September 7, 1883, under the executions in his hands sold by one sale the property he had levied upon to Richard and Allen, the plaintiffs herein, for $50. On September 22, 1883, after notice of the plaintiffs' claim of title thereto, the sheriff upon the partnership execution in his hands sold and delivered the same property to Copeland for $250.

Upon these facts, the court, WM. D. BROWN, P. J., found as matter of law as follows:—

The principal objections urged against the right of plaintiff to recover, are: (1) The constable's executions, on which the sale to the plaintiffs was made, were not in accordance with the provisions of the act of April 8, 1873, relating to executions. (2) That the levy by the constable, by virtue of the individual executions against Sargent, and the one against Holt, and the sale thereon to the plaintiffs, did not vest any title in the corpus of the property, by reason of the fact that after the levy by the constable, and before his sale to the plaintiffs, the fi. fa. of Copeland against the firm of Sargent & Holt came to the hands of the sheriff and was levied on the property in dispute, and that the fi. fa. thus became the paramount lien, and that the levy and subsequent sale thereon by the sheriff was not a trespass on the plaintiffs' property.

As to the first objection, we are of opinion that the special execution against the interest of a partner prescribed by the act of 1873 is not applicable to executions issued by justices of the peace, and that the act cannot be invoked to make void the sale made by the constable to the plaintiffs.

The second objection to the plaintiffs' recovery we think is a valid one.

If the sale to the plaintiffs under the execution of Covanovan v. Sargent and Henry v. Holt had taken place before the lien of the Copeland fi. fa. had attached, they would have become the owners of the property.

However illogical it may appear that a purchaser of two or more intangible interests in property should thereby become the owner of the corpus of the property, such is the well settled law of Pennsylvania as applied to the purchase, by the same person, of the interest of all the partners in the partnership property. This results from the thoroughly settled doc-

trine that firm creditors have no inherent paramount right to the firm property as means for the payment of their claims, except as the same is asserted and enforced through the equities or rights of the several parties, as between themselves, to have the firm property applied to the firm debts. When, therefore, the shares in any partnership property are united in the same purchaser by the joinder of all the partners in a sale, or by a separate sale made of his interest by each partner, or by sales upon executions against the interests of each, the rights of the partners to such property is extinguished, and "every semblance of partnership equity is at an end."

But in our opinion the equities of partners are not extinguished by levies of the interests of each partner on executions for the individual debt of each. After the constable's levy on the interest of each partner, each had (the same as before) the right to insist that the partnership property should be applied to the payment of the partnership debts. While this right still existed in both Sargent and Holt, the Copeland fi. fa. came to the hands of the sheriff, and became a lien on the property in suit, and a lien that could only be made effective by a sale thereon, which was afterwards done.

We say the lien of the Copeland fi. fa. could only be made effective by a sale thereon, because, in our opinion, Copeland has no right to the proceeds of the sales on the constable's executions. He was a stranger to the funds thus raised. Had the constable sold first on the execution of Covanovan v. Sargent, Covanovan would have been entitled to the proceeds. Had he afterwards sold on the execution of Henry against Holt, Henry would have been entitled to the proceeds. We are of the opinion that it makes no difference " that instead of being consecutive these two sales were simultaneous," and we conclude that Copeland's recourse was "necessarily to the property in the hands of the purchasers," and that the sheriff, the defendant, was not a trespasser in selling the property in suit on the fi. fa. in favor of Copeland against the firm of Sargent & Holt.

Plaintiff's point:

The Copeland execution having been issued upon a judgment entered upon a judgment note dated after the separate levies against Sargent and against Holt were made, which

resulted in the sale to the plaintiffs, and there being nothing in the case to show that the Copeland note, judgment or execution was for a debt which the firm of Sargent & Holt owed before the separate levies aforesaid were made, the Copeland execution interposed no obstacle to the plaintiffs acquiring a good and unincumbered title by the sale of the property to them upon the separate executions.

Answer: Refused.[1]

Defendant's points:

1. The executions in the hands of the constable against the individual members of the firm of Sargent & Holt not having been special executions for sale of individual interests of the respective partners in the firm property, under the act of April 8, 1873, the constable could make no valid levy under said writs on the said respective interests of the partners, and no title passed by the constable sale on these executions to these plaintiffs, and they cannot recover.

Answer: The plaintiffs' title would not fail merely by reason that the constable's executions were not as prescribed by the act of 1873.

2. The defendant, as sheriff, under a fi. fa. No. 24 Dec. Term 1883, against the firm of Sargent & Holt, which was received by him on the 6th of September, 1883, having made a levy and seizure of the goods in controversy on the 7th of September, 1883, prior to the sale to plaintiffs, by the constable, of the individual interests of the members of the firm, he acquired a paramount lien upon the property of the firm, and by that levy and subsequent sale by him, in pursuance of that paramount lien thus acquired, did not become a trespasser thereby, and is not liable to plaintiffs.

Answer: Affirmed.[2]

3. The sheriff, as defendant in this case, is protected by his writ in his hands, and is not affected by any want of consideration in the original judgment upon which the writ was issued, between the parties to that judgment, or by the time the debt for which said judgment was entered was created.

Answer: However correct this proposition may be when invoked in an appropriate case, we think it has no application to the case on trial and decline to answer it.

Under these findings of fact and of law the prothonotary

was directed to enter judgment for the defendant nisi. Judgment having been entered and, after certain exceptions, made absolute, the plaintiffs took this writ, assigning for error:

1. The refusal of plaintiffs' point.[1]
2. The affirmance of defendant's point.[2]
3. The direction to enter judgment for the defendant.

*Mr. Charles H. Noyes*, of *Wetmore, Noyes & Hinckley* (with him *Mr. J. H. Donley* and *Wilbur & Schnur*), for the plaintiffs in error:

1. A sale of partnership property, upon executions against each of the partners, to the same purchaser, passes the entire property, and as to the purchaser, the partnership equities are extinct: Doner v. Stauffer, 1 P. & W. 205. By contracting a firm debt after the levies were made, the partners could not create such an equity as would deprive their individual creditors of the fruits of their executions. The court does not find that any partnership debt existed before the date of the Copeland note, and its execution does not import the existence of any debt previous to its date: Johnson v. Lentz, 11 Gratt. 553; 1 Daniel Neg. Inst. § 71.

2. Neither Sargent nor Holt, nor both together, could themselves sell the partnership property after it had been seized for the debts of both; and, if so, how can the same thing in effect be lawfully accomplished by creating a partnership debt after such seizure upon which a judgment may be entered and another levy made? Partnership creditors have no paramount rights of their own in respect of partnership property; they are preferred merely because equity requires it that justice may be done between the partners: Doner v. Stauffer, 1 P. & W. 205; Kelly's App., 16 Pa. 59; York Co. Bank's App., 32 Pa. 451.

3. But even if the partnership execution were a paramount lien, the effect would not be to defeat the constable's sale, but to give the partnership creditor the preference in the distribution of the fund. Though there seems to be no case deciding the precise point, there are many in which the principle is involved: King's App., 9 Pa. 124; Brinkerhoff v. Marim, 9 Johns. Ch. 320; Cooper's App., 26 Pa. 262.

4. The rule that where there are partnership property and

partnership creditors, and separate property and separate creditors, each class must look to the respective estates, can only arise and become material in cases of bankruptcy and insolvency: McCarty v. Emlen, 2 Y. 190; Black's App., 44 Pa. 503. That the firm in this case is insolvent or bankrupt, has not been found as a fact, and will not be assumed: Sweigard v. Wilson, 106 Pa. 207.

*Mr. S. T. Neill* and *Mr. R. Brown* (with whom was *Mr. Charles W. Stone*), for the defendant in error:

1. The defendant under the authority of an execution against the firm of Sargent & Holt, having made a valid levy prior to any acquisition of title or interest in the property by the plaintiffs, and having the property in legal custody under said writ, did not become a trespasser by the sale thereof: Coover's App., 29 Pa. 9; 3 Kent Com. 64; Gregory's App., 15 W. N. 525; Barr v. Boyles, 96 Pa. 31; Piper v. Fordyce, 22 Am. L. Reg., N. S. 665; Winegardner v. Hafer, 15 Pa. 144; Harbison v. McCartney, 1. Gr. 172.

2. Under the act of April 8, 1873, P. L. 65, a partner's interest in a firm cannot be levied upon and sold under an ordinary execution: Hare v. Commonwealth, 92 Pa. 141; Kaine's App., 92 Pa. 273.

3. A constable has no authority by virtue of an execution from a justice, to levy upon and sell anything but " goods and chattels;" not an interest of a partner: § 12, act of March 20, 1810, 5 Sm. L. 166.

OPINION, MR. CHIEF JUSTICE GORDON:

We may admit for the purposes of this case, however doubtful the proposition, that a constable may levy an execution which he holds against an individual member of a firm, on his interest in the goods and assets of the partnership; yet, even with this admission, the case in hand is by no means determined in favor of the plaintiffs in error. The constable's levies were necessarily confined to the property of the individuals against whom they were issued, qua individuals, and his seizure of the goods of the firm was a trespass and legally void. A partnership is a distinct entity, and the joint effects belong to it, and not to the several partners: Doner v. Stauf-

fer, 1 P. & W. 198.   It follows, that the levies on the goods of the firm of Sargent & Holt, for the several debts of the individual members of that firm, created no lien upon those goods, and were, in fact, as nugatory as though levied upon the property of a stranger.   Admittedly, had the sale been on but one of the writs, the purchaser would have taken no right in the firm assets, but only the right to compel an account with the continuing partner, and such also is the purport of the first section of the act of the 8th of April, 1873.   If, however, a levy on the interest of a single partner would have created no lien on the goods in controversy, we cannot see how a levy on the individual interests of both could alter the legal aspect of affairs, for in either case those interests were several, and the firm rights remained unaffected.   The action of the constable did not deprive the partnership of the control of its own goods ; the several partners still continued to be the agents of the firm, and it would not be proper to say that a sale by both or either of them, as such, would not have passed a good title to a purchaser of those goods regardless of the levies.   But the sheriff's levy, made by virtue of an execution issued on a judgment against the partnership, was a lien on the goods themselves, and his sale was not the disposition of a mere right in the firm, but of the property itself, and, therefore, vested in his vendee the absolute ownership thereof, leaving to the constable's vendees the right to have so much of the proceeds of the sale as remained after the satisfaction of the sheriff's writ.

Had there been no levy by the sheriff on the property in question until after the sale to the plaintiffs, their case would have been different; in that event, the interest of both parties having been disposed of, there would, thereafter, have been no partnership in existence, hence, no firm goods on which to levy : Doner v. Stauffer, supra.   The equities of partnership creditors depend on the equities of the partners, and as long as a partner continues to have an interest in the partnership, so long do the equities of the firm creditors continue ; but when the rights of all the partners have been disposed of, either by judicial or private sale, neither partnership nor partnership rights remain ; and, consequently, they, the creditors, have no longer anything to which they can look for a satisfaction of their claims except individual responsibility.   But as a

Statement of Facts.

levy on the right of a partner neither divests that right, nor dissolves the partnership, clearly, the power of the firm to dispose of its own goods is not thereby affected, and, as a consequence, the equities of firm creditors remain. That the judgment was confessed by the firm subsequently to the levies by the constable, even though the debt for which it was given was contracted after those levies, is not of material consequence; it was, nevertheless, a debt of the firm for the payment of which the goods might have been assigned, or converted into cash; and as the levies by the constable created no lien, the property was entirely free for seizure on the execution against the partnership.

The judgment is affirmed.