[S. F. No. 497. Department Two.—December 15, 1896.]

R. I. WHELAN, PLAINTIFF, *v.* JOSEPH E. SHAIN, APPELLANT, AND J. S. REID, RESPONDENT.

PARTNERSHIP—PREFERENCE OF PARTNERSHIP OVER INDIVIDUAL CREDITORS—PRIORITY OF ATTACHMENT IMMATERIAL.—The debts of a partnership must be discharged out of the partnership property before any portion of it can be applied to the individual debts of the partners; and the creditors of the partnership are entitled to preference over the creditors of the individual partners in the payment of their debts out of the partnership property or moneys arising therefrom, without regard to the priority of attachment liens.

ID.—JOINT NOTE—INDIVIDUAL ACTION AND JUDGMENT.—Where an action is brought against two partners, as individuals, upon a joint note executed by them individually and not as partners, and a judgment is rendered therein against them jointly, as individuals, and not as partners, an attachment in such action levied upon the partnership assets is subject and subordinate to a subsequent attachment levied upon such assets by a creditor of the partnership who sues the partners as such, and the latter is entitled to priority of payment out of moneys realized by the sheriff from sale of the partnership property.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. SEAWELL, Judge.

The facts are stated in the opinion.

*James P. Sweeney,* for Appellant.

The signing of a note by two partners, with their individual names, is sufficient to bind the firm (Chitty

on Bills, 57; Bailey on Bills, 45; *Maynard* v. *Fellows,* 43
N. H. 257); and the note may, in equity, be shown to
have been given for partnership purposes and payable
out of partnership assets. (*Ex parte Stone,* L. R. 8 Ch.
App. 914; *Trowbridge* v. *Cushman,* 24 Pick. 310; *Kendrick* v. *Tarbell,* 27 Vt. 512; *Berkshire Woolen Co.* v. *Julliand,* 75 N. Y. 535; 31 Am. Rep. 488; *In re Waldron,* 98
N. Y. 671.) The joint creditors have a primary claim
to satisfaction out of the partnership assets. (*Williams*
v. *Gage,* 49 Miss. 777; *Faler* v. *Jordan,* 44 Miss. 283;
*Irby* v. *Graham,* 46 Miss. 430; 2 Lindley on Partnership,
sec. 655; Freeman on Judgments, sec. 43; 1 Lindley on
Partnership, sec. 348.)

*Roger Johnson, Nagle & Nagle,* and *Reddy, Campbell
& Metson,* for Respondents.

The assets of a copartnership must be first applied to
the satisfaction of obligations of the firm. (*Commercial Bank* v. *Mitchell,* 58 Cal. 42; *California etc. Co.* v.
*Halsey,* 54 Cal. 315; *Robinson* v. *Tevis,* 38 Cal. 611;
*Jones* v. *Parsons,* 25 Cal. 100; *Bullock* v. *Hubbard,* 23 Cal.
496; 83 Am. Dec. 130; *Golden State etc. Iron Works* v.
*Davidson,* 73 Cal. 389.) Reid's judgment was a copartnership obligation, while Shain's was an individual
obligation of William Binz and Lawrence Martella.
(*Freeman* v. *Campbell,* 55 Cal. 197; *Theller* v. *Such,* 57
Cal. 447; *Gleason* v. *White,* 34 Cal. 258; 17 Am. & Eng.
Ency. of Law, 918; *Walker* v. *Wait,* 50 Vt. 668.)

BELCHER, C.—On January 5, 1895, the defendant,
Joseph E. Shain, commenced an action against William
Binz and L. Martella upon their joint promissory note,
signed " Wm. Binz," " L. Martella," and caused to be attached certain personal property belonging to a copartnership, of which they were the only members. On
January 16, 1895, judgment was entered in the action
that he " have and recover from L. Martella and William Binz, defendants," the sum of fourteen hundred
and ten dollars and sixty cents, as prayed for.

On January 8, 1895, the defendant, J. S. Reid, commenced an action against the same defendants as copartners, doing business under the firm name of Binz and Martella, upon certain partnership obligations, and caused to be attached the same property that had been attached by Shain. On January 22, 1895, judgment was entered that he "have and recover from William Binz and Lawrence Martella, copartners," the sum of nine hundred and eighty-six dollars and forty-eight cents as prayed for.

Under executions issued on both of the said judgments the plaintiff, Whelan, as sheriff, sold the said attached property for the sum of twelve hundred dollars, and after deducting his proper fees and charges, there was left in his hands the sum of one thousand and fifty-nine dollars.

Shain and Reid each claimed and demanded of the plaintiff that the proceeds of the said sale be applied in satisfaction of his judgment, and the plaintiff, being uncertain as to how the money should be applied, commenced this action, setting forth the facts, and asking that the defendants be required to interplead and set up their respective rights to the money in his possession, and that the matter be determined by the court. And subsequently, with the consent of the parties and under an order of court, plaintiff paid the money into court.

The defendants answered the complaint, each setting up his claim and right to the money as against his codefendant. Upon the issues thus framed the case was tried, it being admitted during the trial that the property sold was the partnership property of Binz and Martella.

The court found the facts and gave judgment in favor of defendant Reid, from which judgment and an order denying his motion for a new trial defendant Shain appeals.

The law is well settled in this state that partnership property must first be applied to the payment of partner-

ship debts. "The debts of a partnership must be discharged from the joint property before any portion of it can be applied to the individual debts of the partners." (*Chase* v. *Steel*, 9 Cal. 64.) "The fact that an individual creditor obtains judgment, issues execution, and levies on firm property, gives him no right to the property as against firm creditors who have not obtained judgment." (*Conroy* v. *Woods*, 13 Cal. 626; 73 Am. Dec. 605.) "It has been repeatedly decided by this court that the creditors of a partnership are entitled to a preference over the creditors of the individual partners in the payment of their debts out of the partnership property, or moneys arising therefrom, without regard to the priority of attachment liens." (*Bullock* v. *Hubbard*, 23 Cal. 501; 83 Am. Dec. 130. And see, also, *Jones* v. *Parsons*, 25 Cal. 100; *Robinson* v. *Tevis*, 38 Cal. 611; *California Furniture Co.* v. *Halsey*, 54 Cal. 315; *Commercial Bank* v. *Mitchell*, 58 Cal. 42.)

In his answer Shain alleged on his information and belief, in substance, that the note on which he obtained judgment was executed by Binz and Martella as copartners, and was a partnership contract and obligation, and that the money received thereon from the payee was invested and used in and about the partnership business and in furtherance of its objects. The court, however, found against him on this issue, to the effect that the said note was not executed by Binz and Martella as copartners, and was not a partnership obligation, and that the money obtained thereon was not invested or used in or about the said partnership business or in furtherance of its objects, "but that the obligation to pay said sum was the obligation of William Binz and L. Martella as individuals, and not otherwise."

There was evidence tending to support this finding, but if it were otherwise, under the law laid down in *Commercial Bank* v. *Mitchell*, *supra*, the result would not be changed.

The court below was right, therefore, in adjudging

that respondent Reid was entitled to .have the said money first applied to the payment of his judgment.

The judgment and order appealed from should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.