## SHAW et al. v. GOODMAN.

There was no error in the judgment sustaining in part the demurrer to the intervention.

AUGUST 17, 1912.

Intervention. Before Judge Thomas. Berrien superior court. March 30, 1911.

On and prior to September 25th, 1907, there existed a partnership doing business under the name of C. D. Shaw & Company. The members of the firm were F. A. Shaw, C. D. Shaw, W. B. Goodman, and A. E. Bullard. On the date above mentioned the two Shaws sold the half interest which they together owned in the firm to Goodman and Bullard and to J. T. Allen, the interest sold to Goodman and Bullard being a one-fourth interest, and a like interest to Allen. J. T. Allen gave his notes, with W. B. Allen as security, to the Shaws for the purchase-price of the one-fourth interest sold by them to him. After such sale the firm was reorganized and did business in the name of A. E. Bullard & Company, A. E. Bullard, W. B. Goodman, and J. T. Allen constituting the partnership. On May 21st, 1909, on his petition W. B. Goodman was appointed receiver for the assets of the new firm. On May 20th, 1909, the Shaws sued out an attachment against J. T. Allen for the purchase-price of the one-fourth interest in the partnership of C. D. Shaw & Company sold by them to Allen. The attachment was not levied, however, as the assets of A. E. Bullard & Company were in the hands of Goodman as receiver. On August 11th, 1911, the Shaws obtained against J. T. Allen as principal, and W. B. Allen as surety, a common-law judgment on the notes given for the one-fourth interest in the firm of C. D. Shaw & Company sold to J. T. Allen. The Shaws by leave of the court subsequently filed an intervention in the suit brought by Goodman against the firm of A. E. Bullard & Company, in which interven-

tion they sought a decree establishing a prior lien in their favor on the assets in the hands of the receiver, except as to older judgments and liens against the partnership assets, their contention being that as to the one-fourth interest in such assets belonging to J. T. Allen they had a superior lien except as to older judgments and liens against the partnership of Bullard & Company. Upon the filing of such intervention, from which the foregoing facts appear, together with the fact that J. T. Allen was insolvent (it not appearing, however, upon what ground a receiver was appointed for the firm), a rule nisi was issued calling upon the receiver, Goodman, to show cause why the intervention should not be allowed. Upon the matter coming on for a hearing at the first term of court thereafter, Goodman demurred to the petition for intervention; upon which demurrer the court ruled "that the debts of the partnership must be paid out of the partnership assets in the hands of the receiver, before payment of any part of the debts of the intervenors is paid out of such assets; and the demurrer is sustained to the intervention, in so far and to the extent that it seeks priority of payment over the creditors of the partnership in the partnership assets." The Shaws excepted to this ruling.

*Lankford & Dickerson* and *J. P. Knight,* for plaintiffs in error.
*W. D. Buie, W. G. Harrison,* and *Hendricks & Christian,* contra.

ATKINSON, J. The judgment sought to be established as a lien against one fourth of the partnership assets in the hands of the receiver, and of a superior dignity to all liens upon such assets, except older judgments and liens against the partnership, was not a judgment against the partnership, but was one against J. T. Allen as an individual. Under the well-established rule as to the disposition of partnership assets by a court through the hands of its receiver, the joint or partnership assets will be applied first to the payment of partnership debts, and none of such assets can be devoted to the payment of the individual indebtedness of the partners until all of the partnership debts have been satisfied. It does not appear from the petition for intervention whether the assets in the hands of the receiver were sufficient to pay the partnership debts; but the contention made in the petition was that the judgment which the Shaws had obtained against Allen individually, who was a member of the partnership, had a prior lien on one fourth of the partnership assets, except as to older judgments

and liens against the partnership. Clearly such a contention was not sustainable. The attachment sued out by the Shaws against Allen as an individual, and for the purchase-price which he had agreed to pay them for their interest in the partnership which they had sold to him, certainly did not operate to give the Shaws any lien as against Allen's interest in the partnership over that of other creditors of the firm. The attachment was never levied, and indeed it could not have been levied upon Allen's interest in the partnership, even though the assets of the firm had not been in the hands of the receiver. The Civil Code expressly provides that an attachment against an individual member of a copartnership shall be levied only upon the separate property of such copartner. § 5067. From what has been said it is manifest that the court did not err in granting the order of which complaint was made. *Camp* v. *Meyer,* 47 *Ga.* 414 (7). See, in this connection, *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245).

*Judgment affirmed.   All the Justices concur.*