DREXEL FURNITURE CO. *et al. v.* BANK OF DEARING.

No. 9551. DECEMBER 13, 1933.

*Rodney S. Cohen* and *Lester & Whatley,* for plaintiffs in error.

*Hamilton Phinizy, Pierce Brothers, Henry J. Heffernan, Sam F. Garlington, Hull, Barrett & Willingham, Lee, Congdon & Fulcher, Cumming & Harper,* and *Bussey & Fulcher,* contra.

BECK, P. J. In this case, which began by a petition for receiver, injunction, etc., the question of the priority of the claim of the Bank of Dearing over other general creditors of Culpepper Brothers, a firm composed of A. B. Culpepper and George S. Culpepper, was involved, the bank having filed an intervention in the receivership matter. The claim of the bank consisted of a verdict and judgment in the superior court, dated October 5, 1931, against A. B. Culpepper as maker, and George S. Culpepper as indorser, for stated amounts, principal, interest, and attorney's fees. The question involved arose upon a petition filed by the receiver for the purpose of fixing priorities and ordering pro rata payment of claims, and upon a rule to show cause, etc. The question of priority of various claims against the estate in the hands of the receiver was by agreement submitted to the court for determination. The original suit of the Bank of Dearing prayed for judgment against A. B. Culpepper as maker, and George S. Culpepper as indorser or guarantor, and a judgment was rendered against them on the date above named. A question as to whether the judgment, because of a change or amendment thereto, became void, is raised, but it is not necessary to decide it. After the hearing the court entered a decree for principal, interest, and attorney's fees, in favor of the Bank of Dearing against A. B. Culpepper and George S. Culpepper, and decreed that the principal, interest, and attorney's fees should

be paid in full out of the partnership assets of Culpepper Brothers. The receiver excepted, and he assigns error on the decree and judgment upon the ground, among others, that, the record showing and the admitted facts being that the assets of Culpepper Brothers were insufficient to pay the partnership liabilities of the firm, the judgment giving priority to the claim of the Bank of Dearing was erroneous, because it was inferior to the claim of the partnership creditors of Culpepper Brothers against the partnership assets in the hands of the receiver. It does appear as an indisputable fact that the assets of the partnership in the hands of the receiver were insufficient to pay the partnership debts.

In view of the admitted facts in the record, the court erred in allowing the priority claim of the Bank of Dearing based upon its judgment. The verdict upon which the judgment of the bank was founded is "in favor of the plaintiff, Bank of Dearing, against the defendants, A. B. Culpepper as maker, and George S. Culpepper as indorser or guarantor, in the sum of . . $2185.43 principal, with interest from September 18, 1930, at eight per cent., together with ten per cent. of said sums as attorney's fees." This was a verdict and judgment against the members of the firm of Culpepper Brothers individually, and not against the firm. It does not appear from the evidence that the firm derived any benefit from the money for which the note was given. In *Shaw* v. *Goodman,* 138 *Ga.* 567 (75 S. E. 661), a case involving a question similar to that involved here, it was said: "The judgment sought to be established as a lien against one fourth of the partnership assets in the hands of the receiver, and of a superior dignity to all liens upon such assets, except older judgments and liens against the partnership, was not a judgment against the partnership, but was one against J. T. Allen as an individual. Under the well-established rule as to the disposition of partnership assets by a court through the hands of its receiver, the joint or partnership assets will be applied first to the payment of partnership debts, and none of such assets can be devoted to the payment of the individual indebtedness of the partners until all of the partnership debts have been satisfied. . . The contention made in the petition was that the judgment which the Shaws had obtained against Allen individually, who was a member of the partnership, had a prior lien on one fourth of the partnership assets, except as to older judgments and liens against the partnership.

Clearly such a contention was not sustainable." In *Citizens Bank & Trust Co.* v. *Pendergrass Banking Co.*, 164 *Ga.* 302 (138 S. E. 223), this court ruled: "A judgment against a partner is not a lien upon his individual interest in the firm property, and such interest is not liable to levy and sale under execution upon such judgment." In *Toombs* v. *Hill*, 28 *Ga.* 371, it was said: "A judgment against a partnership is also a judgment against each partner; and if a judgment against a man binds all of his property, it would seem to follow, of necessity, that a judgment against the partnership must bind the separate property of each partner equally with this partnership property. And so, too, it would for the same reason seem to follow that a separate judgment against a partner must bind his partnership property equally with his separate property. In respect to this last case, however, it must be ever kept in mind, that what is this partnership property of the partner is no more than his interest in the *surplus effects* of the partnership that remain after all the debts of the partnership have been discharged, the partners having the legal title to all of the partnership effects, and the right to have those effects applied to the payment of the partnership debts, before a partner can touch any part of them. The effect of this is, it is true, to make the separate creditors of the partner compete, on very unequal terms, with the creditors of the partnership. But this is an evil for which it seems difficult even to devise a remedy, without destroying this right in the partners; for if we say let the creditors of the partnership stand back from the effects of the separate partner until his separate creditors have taken of those effects a share equal to the share of the partnership effects taken by the partnership creditors, yet in many cases this, our rule, will not produce the desired equalization, and in the rest it will do so only at a ruinous cost."

The Supreme Court of the United States, in Forsyth *v.* Woods, 11 Wall. 484-488 (20 L. ed. 207), held: "If a firm be composed of two persons, associated for the conduct of a particular branch of business, it can hardly be maintained that the joint contract of the two partners, made in their individual names, respecting a matter that has no connection with the firm business, creates a liability of the firm as such. The partnership is a distinct thing from the partners themselves, and it would seem that debts of the firm are different in character from other joint debts of the partners. If it

is not so, the rule that sets apart the property of a partnership exclusively, in the first instance, for the payment of its debts may be of little value. That rule presumes that a partnership debt was incurred for the benefit of the partnership, and that its property consists, in whole or in part, of what has been obtained from its creditors. The reason of the rule fails when a debt or liability has not been incurred for the firm as such, even though all the persons who compose the firm may be parties to the contract." And the Supreme Court of California ruled, in Whelan v. Shain, 115 Cal. 326 (47 Pac. 57) : "The law is well settled in this State that partnership property must first be applied to the payment of partnership debts. 'The debts of a partnership must be discharged from the joint property before any portion of it can be applied to the individual debts of the partners.' Chase v. Steel, 9 Cal. 64. 'The fact that an individual creditor obtains judgment, issues execution, and levies on property gives him no right to the property as against firm creditors who have not obtained judgment.' Conroy v. Woods, 13 Cal. 626 [73 Am. D. 605]. 'It has been repeatedly decided by this court that the creditors of a partnership are entitled to a preference over the creditors of the individual partners in the payment of their debts out of the partnership property, or moneys arising therefrom, without regard to the priority of attachment liens.' Bullock v. Hubbard, 23 Cal. 501" (83 Am. D. 130). See also Richard v. Allen, 117 Pa. 199 (11 Atl. 552, 2 Am. St. R. 652) ; Brownlee v. Lobenstein (Tenn. Ch.), 42 S. W. 466; Re Nashville Laundry Co. (Tenn.), 240 Fed. 795. In 47 C. J. 919, § 410, it is said: "The rights of the creditor of an individual partner in firm assets are confined to the share or interest of his debtor in such assets; and since a partner's share thereof can be ascertained only after the firm debts have been paid, an individual creditor is entitled to be paid only out of the debtor partner's share in the surplus which remains after the firm debts have been paid, and the equities between the partner and his copartners have been adjusted, and the partner's share has been ascertained and set apart." See also *Haines* v. *Millers*, 61 *Ga.* 344; *Ferry* v. *Mattox*, 2 *Ga. App.* 104 (58 S. E. 291) ; *Keese* v. *Coleman*, 72 *Ga.* 658.

In view of what is said above and of the authorities cited and quoted from, the judgment allowing priority to the claim of the Bank of Dearing must be reversed.

*Judgment reversed. All the Justices concur, except Hill, J., absent for providential cause.*