COMMERCIAL BANK OF THOMASVILLE *et al.* v. WATT, executor, *et al.*

ATKINSON, J. 1. The individual interest of a partner in partnership assets is no more than his interest in the surplus effects of the partnership that remain after all the debts of the partnership have been discharged. *Drexel Furniture Co.* v. *Bank of Dearing,* 178 *Ga.* 33 (172 S. E. 30), and cit. The principle was applied In re Stewart, 23 Fed. Cas. 51, holding: "No individual exemption can be allowed out of the partnership estate at the expense of the joint creditors." See also Jensen *v.* Wiersma, 185 Iowa, 551 (170 N. W. 780, 4 A. L. R. 298, 308, and cit.)

2. Under the foregoing principle, if the individual interest of a partner in partnership assets such as a stock of goods should be set apart by the court of bankruptcy under a claim of homestead exemption, and should be asserted against the stock of goods as partnership assets which, before adjudication in bankruptcy, had been levied upon under a distress warrant for a partnership debt due for rent, such asserted interest in the particular property should yield to the partnership debt.

(a) The instant case differs from *Harris* v. *Visscher,* 57 *Ga.* 229, in which the property in question was real estate, and did not involve a case in which a creditor of a member of a firm of copartners in virtue of an assignment was seeking to apply partnership assets to payment of the individual debt of the copartner.

(b) Whether the transferee of the right of homestead exemption as collateral security for the individual debt of the partner had the right in

616

virtue of the transfer to file the claim for exemption in the court of bankruptcy would not affect the case, and will not be decided.

3. Though conflicting as to the value of the property, the evidence did not demand a finding that the levy was excessive.

4. The creditor of the partnership should not have been delayed at the instance of the creditor of the individual partner; and the judge did not err in refusing to enjoin the sale of the partnership assets for the partnership debt. *Judgment affirmed. All the Justices concur.*

No. 9571. MARCH 1, 1934.

# 618

*Hay & Gainey,* for plaintiffs. *Titus & Dekle,* for defendants.