FAGAN *et al.,* administrators, *v.* GRESS, executor, *et al.*

BELL, J. 1. Where the executors of a deceased partner, having sufficient power under the will (as to which no question is raised in the present case), agreed with the surviving partner that a certain "farm with the equipment thereon constituting the ,assets of said partnership" should be held by the surviving partner and such executors as tenants in common, and that the surviving partner would rent from the executors their undivided interest in the property for the ensuing year, and would on a day named pay all the debts of the partnership, and would on a specified later date pay to the executors an amount sufficient "to equalize the partnership accounts," the executors, in the absence of fraud, accident, or mistake, could not thereafter question the right of the surviving partner to convey his undivided interest in the property to secure his own pre-existing debt; and where the surviving partner did subsequently convey his undivided interest in the land as security for such personal debt, the executors could not enjoin the grantee from exercising a power of sale contained in the security deed, on the ground that the partnership property should be first devoted to the payment of the partnership debts.

2. The agreement between the surviving partner and the executors consummated a dissolution of the partnership on terms specified, and, so far as the executors were concerned, constituted a release of any right which the executors might otherwise have had to ₊subject the property to the payment of the partnership debts in preference to the personal obligations of the former partners, the consideration for such release be-

ing the promise of the surviving partner, as an individual, that he would pay the debts of the partnership and otherwise settle with the executors in accordance with the agreement.

3. Since the surviving partner in executing the security deed was exercising an absolute right which he had obtained from the executors by the terms of the agreement, it is immaterial that because the debt secured by such deed was an antecedent debt the grantee did not occupy the position of an innocent purchaser.

4. Under the pleadings and the evidence, the court erred in granting the interlocutory injunction. See, in this connection, *Ellison* v. *Lucas*, 87 *Ga.* 223 (13 S. E. 445, 27 Am. St. R. 242); *Drexel Furniture Co.* v. *Bank of Dearing*, 178 *Ga.* 33 (172 S. E. 30); *Case* v. *Beauregard*, 99 U. S. 119 (25 L. ed. 370); *Fitzpatrick* v. *Flannagan*, 106 U. S. 648 (1 Sup. Ct. 369, 27 L. ed. 211).

*Judgment reversed. All the Justices concur.*

No. 10125. OCTOBER 11, 1934.

*Louis L. Brown Jr.*, for plaintiffs in error.

*A. C. Riley, C. L. Shepard*, and *Jones, Johnston, Russell & Sparks*, contra.